DANIEL C. YOUNG, et al., v. F. LEDRICK, et al.

1. PROCEEDINGS IN AID OF EXECUTION; *Powers and Jurisdiction of Probate Judge.* The provisions of the civil code entitled "Proceedings in Aid of Execution," are constitutional and valid so far as the question is concerned of conferring power on the probate judge to act thereunder.

2. PROBATE JUDGE; *Judicial Powers.* A probate judge may receive judicial powers other than those granted by the constitution to the probate court.

3. DISTRICT COURTS, AND DISTRICT JUDGES. While it may be that no provision can be made for more than one judge of a district court, and while it may be that no legislation can be upheld which excludes such single judge from a supervisory control of all the proceedings of that court, yet, within these limits, it is competent for the legislature to provide that other persons may exercise some judicial functions in cases pending therein.

*Error from Morris District Court.*

YOUNG and two others as partners obtained judgment against *Ledrick & Simcock,* the defendants in error, at the

April Term 1872 of the district court of Morris county, and afterward, proper cause being shown, instituted proceedings in aid of execution before the probate judge of Morris county under §§ 482 to 504 of the civil code. After full examination, said probate judge made an order appointing F. P. Nichols receiver, (who thereupon duly qualified,) and directing F. Ledrick and G. W. Munkers to deliver to such receiver certain notes and accounts found in their hands, and found to be the property of *Ledrick & Simcock.* Thereafter *Ledrick & Simcock* filed their petition in error, with a transcript of the proceedings had before the probate judge, in the district court for said Morris county, asking a reversal of the order of the probate judge, and also at the same time filed an undertaking to stay further proceedings on such order. Afterward, and at the October Term 1873 of said district court, the order of the probate judge was reversed by said district court, upon the ground that so much of the act of the legislature as attempted or purported to confer upon the probate judge authority or jurisdiction to entertain proceedings in aid of execution, was unconstitutional and void. To this ruling of the district court *Young & Co.* duly excepted at the time, and now bring the case here for review.

*R. M. Ruggles,* and *Sharp & McDonald,* for plaintiffs in error:

The only question presented in this case, as we think, and certainly the only question argued in the district court, is, Are the provisions of that part of article 20 of the code entitled "Proceedings in aid of Execution," constitutional and valid in so far as they attempt or purport to confer upon the probate judge of a county power, authority or jurisdiction to issue the process, entertain such proceedings, make the orders, and punish their disobedience? When courts are called upon to declare a solemn act of the legislature unconstitutional, and therefore void, the unconstitutionality of such act must clearly appear, (7 Kas., 498, 499;) or, as this court in an early case has expressed it, "that no statute should be declared unconstitutional, unless its infringement of the superior law is clear

beyond substantial doubt." (1 Kas., 27.) We think that not only can it *not* be made "to clearly appear" that the provisions in question violate the constitution of the state, but that direct authority for their enactment can be deduced from the constitution itself.

It was claimed in the court below that the jurisdiction of the probate court, as created by the constitution, was confined to probate matters, and such others as are therein mentioned. The following is the provision of the constitution:

"There shall be a probate court in each county, which shall be a court of record, and have such probate jurisdiction, and care of estates of deceased persons, minors and persons of unsound minds, as may be prescribed by law, and shall have jurisdiction in cases of habeas corpus." * * * (Const. of Kas., art. 3, § 8.)

No negative or prohibitory words are here used; and as we understand the rule as adopted by this court, it will not, in the absence of prohibitory words, construe the enumeration of some things in regard to which jurisdiction is to be exercised as a limitation of the power of the legislature to confer jurisdiction in other matters. (*In re Johnson,* 12 Kas., 102; *Henderson v. Kennedy,* 9 Kas., 166; *Judd v. Driver,* 1 Kas., 455; 7 Kas., 65; *Norton v. Graham,* 7 Kas., 166.) In the last case the report of the case does not show that this point was decided, but the court will remember it was so orally decided at the hearing, it being alleged in the answer therein that the defendant held the office of county treasurer of Coffey county by virtue of having received the greatest number of legal votes therefor, as well as by virtue of the judgment of a court for a trial of contested elections, and the defendant tendered evidence in support of said first allegation, which being objected to by the plaintiff on the ground that the legislature having conferred the jurisdiction upon the court constituted for the trial of contested elections it must be presumed that such jurisdiction was exclusive; whereupon this court overruled the objection and permitted the evidence, saying in substance that the legislature

had not in the election law, (ch. 36, Gen. Stat., 424, § 87,) in terms declared the jurisdiction exclusive, and that this court would not so hold, and further remarking that even if the legislature had so declared it would be doubtful whether the provision would be a valid one, in view of the provision of the constitution giving to this court original jurisdiction in *quo warranto*.

There is another provision of the constitution which we think clearly gives to the legislature the power to enact the sections, the validity of which is herein drawn in question. That provision is as follows:

"The judicial power of the state shall be vested in a supreme court, district courts, probate courts, justices of the peace, *and such other courts*, inferior to the supreme court, as may be provided by law." (Art. 3, § 1.)

Here is express constitutional authority to the legislature to create whatsoever courts may be deemed necessary or proper, provided only that they shall be inferior to the supreme court. "Whenever the legislature confers upon any board or officer powers which are unquestionably judicial in their nature, and when they also invest such board or officer with all the instruments and paraphernalia of a court, they undoubtedly create a court although they may not in terms say so." "And it is not necessary that the legislature, in order to create a court, or to confer judicial power, should first in terms create a court." (7 Kas., 447; 2 Kas., 250; 3 Kas., 445.) That the power conferred upon the probate judge by the sections of the code under consideration is judicial in its nature, seems to us to be beyond all question. He is to hear the evidence, and then weigh it, and then determine its effect. He hears and then decides—adjudges. The legislature has in many cases passed acts conferring powers upon probate judges or probate courts. (*In re Johnson*, 12 Kas., 104.) And in every case in which the power of the legislature to confer on probate courts, or probate judges, powers other than those enumerated in the constitution, has been questioned, and has been before this court, such power has

been by the court upheld. Of course, we do not for a moment claim that the mere passing of an act, or a series of acts, upon a given question, makes such act or acts constitutional and valid, but that the law-making power has done so is an argument of persuasive weight in determining its validity, and affords some presumptions in favor of its not being an infringement of the fundamental law. (7 Kas., 498; 2 Kas., 261, 322; 3 Kas., 445; 6 Kas., 436; 7 Kas., 64, 166, 446; 5 Kas., 676.)

As to nature and character of "proceedings in aid of execution," see case of *Hayner v. James*, 17 N. Y., 316.

*McClure & Humphrey*, for defendants in error:

The constitution defines what powers and jurisdiction may be conferred by law on the probate court, and the probate judge. Sec. 8 of article 3 of that instrument prescribes the subject-matters over which the probate court shall have and exercise jurisdiction. This section, enumerating the subjects over which the court shall have jurisdiction, limits it to the matters named, and no other or different powers are authorized to be conferred on the probate court. (*Kent v. Mahaff*, 2 Ohio St., 498.) These powers in these supplementary proceedings are not given to the court, but to the probate judge, and judge of the district court. Civil code, §§ 482 to 504. Can the probate judge take this grant of power? Sec. 16 of the judicial article provides that "the several justices and judges of the courts of record in this state shall have such jurisdiction at chambers as may be provided by law." The only grant authorized by this section is of power to transact business at chambers. We think it may be stated as a general rule, that when by the constitution provision is made whereby the legislature may confer on the judges of certain courts jurisdiction at chambers, the jurisdiction thus authorized to be conferred extends only to such matters as properly pertain to, though of a less important character than, the general business of the court. It would indeed be anomalous if i were permitted to grant to the judge of a court a class of

powers and character of jurisdiction such as the court when in session could not take. Unless the constitution should specifically define the functions which a judge might exercise at chambers, and but a general grant of chamber powers is given, the grant must be understood as restricting the powers to such business at chambers as arises in causes or proceedings pending in the proper court of the officer whose chamber powers are invoked. Hence, jurisdiction at chambers extends only to the making of such rules and orders, during the vacation, which it is proper then to make, in matters connected with actions or suits pending in the court of which the judge making such rules and orders is the judge. (17 Ohio St., 144.)

Proceedings in aid of execution are not proceedings in or connected with an action, but proceedings after judgment; and are held to be in no sense identical with ordinary chambers business, but are of a special and higher nature — a substitute for an action in chancery. (13 How. Pr. R., 495.) If it had been intended by the framers of the constitution to authorize a grant of such powers to the judge of the probate court, as are comprehended in these proceedings supplemental to execution, such authority would undoubtedly have been expressly given. These powers are not conferred on the probate court, and it would not have been competent for the legislature to so have conferred them. In addition to the specific jurisdiction vested in the probate court, the legislature may give the probate judge jurisdiction at chambers. Proceedings in aid of execution are no part of, nor comprehended under what is properly understood and defined as chamber business, or jurisdiction. Hence, there is no warrant or authority either in § 8, or § 16, of the judicial article, to confer this class of powers on the probate judge.

It is contended by plaintiffs in error, that the 1st section of article 3 of the constitution contains a sufficient warrant for a grant of power to the probate judge to entertain proceedings in aid of execution. This section simply declares in what courts the judicial power of the state shall be vested, viz., in the supreme court, district courts, probate courts, jus-

tices of the peace, and such other courts inferior to the supreme court, as may be provided by law. The legislature by this section is authorized to establish other courts, inferior to the supreme court, besides those especially provided for in the constitution, and apportion to such newly-created courts, such jurisdiction as may be convenient and proper. The only power granted to the legislature in this section, is a power to create additional courts. There is no power here either granted or to be inferred to clothe any court created by the constitution with any specific powers or jurisdiction, much less is there any grant of power to confer on any judge of such a court specific powers and jurisdiction. Hence the powers in question, being of a special character, intrusted to the judge and not to the court, the granting of which not involving the establishment of a new court, there is no warrant in this section to justify the exercise of these powers by the probate judge.

The plaintiffs in error, citing § 8 of article 3 of the constitution, says: "No negative or prohibitory words are here used, and this court will not, in the absence of prohibitory words, construe the enumeration of some things in regard to which jurisdiction is to be exercised as a limitation of the power of the legislature to confer jurisdiction in other matters." We fail to perceive that the court has decided as above stated. In the cases cited to support this statement, *we* understand the court to say substantially that the rule as above set forth, which substantially embodies this maxim, *expressio unius, exclusio alterius,* does not apply. In these cases the court simply affirms that in the absence of a constitutional inhibition, the legislature may confer on two distinct courts concurrent jurisdiction, which is almost equivalent to saying that two similar things may coexist.

It seems to be contended by plaintiffs, that in seeking to invest the probate judge with the powers in question, the legislature has in fact, though not in terms, created by such act, a court. The right of the legislature to create additional courts is not questioned. But in granting these powers to the

probate judge, the legislature has not created another court; it has not authorized any act to be done, in these supplementary proceedings, by any court. The powers are given solely to the judge, to be exercised by the probate and district judges respectively, in their capacity of, and by virtue of, their official character as probate and district judge. No *court* can entertain these proceedings, or make the orders necessary to make them effectual. The authority is personal, and vested in *the judge* before whom the proceeding is commenced; and further, the authority being statutory, the provisions of the statute must be strictly observed. (17 How. Pr. R., 80; 13 id., 382.) It seems to be claimed that the acts creating the criminal court of Leavenworth county, and the courts for the trial of contested elections, and designating the probate judge as the judge of those courts, are analogous to the case at bar. We think a clear distinction exists. In the one case the probate judge is designated as the person or officer to exercise the functions of another court, and while performing the duties thus devolving on him, he acts as the judge of that court, and not as judge of the probate court. In other words, while the probate judge was exercising the functions of the criminal court of Leavenworth county, or the contested election court, it was not the probate court that was in session, but the respective courts named. When, however, the probate judge is called on to act in these execution proceedings he acts as probate judge, or as judge of the probate court.

The opinion of the court was delivered by

BREWER, J.: The only question in this case is: Are the provisions of the statute entitled, " Proceedings in Aid of Execution," and found on pages 724, 725, 726, 727, and 728 of the General Statutes of the State of Kansas, constitutional and valid in so far as they attempt or purport to confer upon the probate judge power, authority or jurisdiction to issue the process, entertain such proceedings, make the orders, and punish their disobedience, as is provided for in the sections

of the statutes found on the pages above mentioned? Can a probate judge be invested with judicial functions as to cases pending in the district court? This really separates itself into two questions: Can a probate judge receive other judicial powers than those granted by the constitution to the probate court? and can judicial functions, as to cases pending in the district court, be granted to any person other than the duly-elected judge thereof? The first question is no longer an open one in this court, but has been already answered in the affirmative. *In re Johnson*, 12 Kas., 102, and cases cited in opinion. The second question must also be answered in the affirmative. The jurisdiction of the district court is not defined by the constitution. It is left to the legislature to prescribe its limits, and the manner of its exercise. While it may be that, under § 5 of article 3 of the constitution, it is impossible for the legislature to provide for more than one judge of a district court, and while it may be that no legislation could be upheld which excluded such single judge from a supervisory control of all the proceedings of that court, yet, within this limit, we think it competent for the legislature to provide that other persons may exercise some judicial functions in cases pending therein. Thus, the legislature has authorized the trial of certain cases before referees. No question has been, none can well be made, as to the validity of such legislation. Yet here is an officer other than the judge who is exercising judicial functions in cases in that court. So also, at common law the sheriff exercised judicial functions. The sheriff's jury, to assess damages, was an every-day occurrence. And in proceedings before such jury the sheriff acted as a *quasi* judge. In our own proceedings under the occupying-claimant act may be found something of the same nature. To require of the judge the performance of all these duties, because judicial in their nature, would so burden him as to work a great hindrance to the dispatch of business, and the trial of cases. Now, these proceedings in aid of execution are of this same subordinate nature. It has been claimed that they were a substitute for

and equivalent to the old creditor's bill. While in many respects they resemble, yet they are far from being exactly similar. See opinion of Denio, J., in the case of *Hayner v. James*, 17 N. Y., 316. They are based upon a judgment already obtained. They are proceedings to aid in its collection, proceedings resulting from the inability of the sheriff to accomplish such collection by means of ordinary execution. They are simply means to reach all the property of the debtor, and apply the same to payment of a debt whose existence has been already judicially determined. It needs but a little reflection to perceive, that, no matter how wide may be the scope of these proceedings, they are of a subordinate nature. Judicial functions in such matters may, it seems to us, be granted by the legislature to officers other than the regularly-elected judge, subject of course to his supervisory control. This determines the case, and the judgment of the district court must be reversed, and the case remanded for further proceedings.

All the Justices concurring.