THE WHITE SEWING MACHINE CO. v. A. C. WAIT.

1. ORDER FOR EXAMINATION OF DEBTOR, *When to be Issued.* Where an execution against a judgment debtor issued to the sheriff of the county where he resides, or a transcript of a justice's judgment has been filed, is returned unsatisfied, the judgment creditor, on proper application to the probate judge of the county to which the execution was issued, is entitled to an order requiring the debtor to appear and answer concerning his property before such judge at a time and place specified in the order, within the county to which the execution was issued. (Sec. 482 of the Code.)

2. —————— *Practice.* The application for such an order is not fatally defective, if presented to and filed with the probate judge, notwithstanding it is entitled in the probate court, and asks that the debtor appear and answer concerning his property before said court, as the probate court consists of a single judge.

3. —————— *Immaterial Error.* Where the order for an examination of a debtor under § 482 of the code is issued by the probate judge, but recites therein "probate court" instead of "probate judge," *held*, not fatally defective, as the words used are nearly synonymous with probate judge, and the error is an immaterial one.

*Error from Saline District Court.*

AT the November Term, 1879, of the district court, *Wait,* as defendant, recovered a judgment against *The White Sewing Machine Co.*, as plaintiff, which brings the case here. The facts are stated in the opinion.

*John Foster,* for plaintiff in error:

The district court erred in not reversing the order and judgment of the probate judge. (14 Kas. 92.)

Proof of the issuing and the return of the execution unsatisfied, in whole or in part, was sufficient to entitle the plaintiff in error to said order and examination. (11 Ohio St. 323; 2 N. Y. 91; 9 Abb.180; 34 Wis. 483; 9 Barb. 378; 67 N. C. 156; cases cited in 6 U. S. Dig., F. S., p. 231, note 4157.)

*Mohler & Cunningham,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 2d day of September, 1879, the plaintiff in error presented its motion and affidavit to the probate judge of Saline county for an order requiring the defendant in error and one Henry Bailey to appear and answer concerning his property as provided for in § 482 of the code. On the same day, the probate judge issued the following order:

(*Court, and Title.*) "And now, on this 2d day of September, A. D. 1879, came the plaintiff above named, and thereupon plaintiff's motion for an order to require the said defendants above named to appear and answer concerning said defendants' property came up for hearing before me, Jonathan Weaver, probate judge, within and for Saline county, Kansas; and after hearing the evidence, I do find that said plaintiff did obtain a judgment before R. H. Bishop, a justice of the peace for the city of Salina and Saline county, in Kansas, on the 31st day of January, 1879, for the sum of $89.60, debt, and $6.55, costs, which judgment by law bears interest at the rate of 10 per cent. per annum; that a transcript of said judgment was filed in the office of the clerk of the district court of the county of Saline, aforesaid, and thereupon the said case and judgment were by the clerk of the district court of said county duly entered on the appearance and judgment dockets of said court; that execution against said defendants has been issued on said judgment from said district court of said county by the clerk thereof to the sheriff of said Saline county, and returned wholly unsatisfied; that increased costs

have accrued on said judgment in the sum of $10.05. It is therefore ordered by said court above named, that said A. C. Wait and Henry Bailey do be and appear personally before said court, at the probate court room in the said county of Saline, on the 12th day of September, A. D. 1879, at 10 o'clock A. M. of said day, and answer concerning their property before said judge.

"Given under my hand, this second day of September, A. D. 1879.          · JONATHAN WEAVER,
                                                *Probate Judge.*

"*The State of Kansas, to the Sheriff of Saline County:* Process is here issued to you on the order above set forth, to be served as a summons in other cases.

" Witness my hand and the seal of the probate court of Saline county, this second day of September, A. D. 1879.
                                   "JONATHAN WEAVER,
    [SEAL.]                    "*Clerk of Probate Court.*"

The order was personally served upon defendant, A. C. Wait, on September 3d, 1879. On the 12th day of September, 1879, the parties appeared before the probate judge, and the defendant, Wait, presented a written motion to set aside the order for his examination. It set forth the following causes:

" 1. That the order heretofore issued in this cause for the examination of defendant was improvidently and illegally issued.

" 2. That said order was issued in violation of law.

" 3. That the probate court of Saline county has no jurisdiction in said case.

" 4. That said proceedings are in violation of law."

After hearing the motion, the probate judge entered the following order:

"Said motion came on for hearing, and after due consideration of the law and authorities cited by counsel, and the court being fully satisfied in the premises, it is now ordered by the court that said motion be and the same is hereby sustained, and said proceedings are now dismissed without prejudice, and the costs of this proceeding ordered and adjudged to be paid by plaintiff, and the same taxed at $3.65, sheriff's fees; probate court fees, $4.95. Total costs in this proceeding, $8.60."

Plaintiff duly excepted, and filed its bill of exceptions

showing that no evidence was offered before the probate judge upon the hearing. Thereafter, the plaintiff carried the case to the district court of Saline county, upon a petition in error to reverse the judgment. On the 24th day of November, 1879, the district court overruled the petition in error and affirmed the order complained of. Plaintiff again excepted, and now brings the case here.

It appears from the record that the district court affirmed the order of dismissal on the ground "that the probate court had no jurisdiction in the case; that the probate judge only, and not the probate court, had jurisdiction and authority to act in proceedings in aid of execution under the code." We are of opinion that the judgment of affirmance by the district court was error. It is true that the words "probate court" were used in several places in the motion, affidavit and order for examination, in place of the words "probate judge," yet it appears that the application and affidavit were filed with the probate judge; that the probate judge found the statements in such application to be true, and issued the order requiring the debtor to appear for examination, with his signature as probate judge attached. As the probate court in Kansas consists of one single judge, and this judge is the probate judge, an application to a probate court for an order of examination is really an application to the probate judge of the probate court, and an order to appear and answer before a probate court concerning one's property is virtually an order to appear and answer before the probate judge of the probate court. Therefore, the words "probate court," as used in the record, are nearly synonymous with probate judge. Whenever the judge is present, the whole court is present, clerk and all. The probate court is always the probate judge. While the probate court has larger powers than the probate judge, it includes those of the probate judge. The greater includes the less.

Instead of dismissing the proceedings pending before him, the probate judge should have required the debtor to have answered concerning his property, and in all the subsequent

proceedings, instead of using the phrase "probate court," probate judge should have been adopted. Correctly speaking, such proceedings are to be heard only before a probate judge, but the occasional use of the words "probate court" and "said court," in the application and order, were not fatal to the jurisdiction of the probate judge. The error was an immaterial one.

The judgment of the district court must be reversed, and the case remanded for further proceedings.

All the Justices concurring.