THE BOARD OF COMMISSIONERS OF MIAMI COUNTY v.
JOHN C. COLLINS.

PROBATE JUDGE—*Salary.* A probate judge is entitled to be paid the
salary provided for by ¶ 2524, General Statutes of 1889, without proof
that he had actually performed the services contemplated by the
"act relating to intoxicating liquors."

*Error from Miami District Court.*

THE opinion states the facts.

*Jno. C. Sheridan,* and *W. H. Sheldon,* for plaintiff in error.

*W. H. Browne,* and *Selwyn Douglas,* for defendant in error.

Opinion by SIMPSON, C.: John C. Collins was the probate
judge of Miami county for a term commencing on the 12th
day of January, 1885, was reëlected, and was in office at the
time of this trial, at the February term, 1889, of the district
court of said county.   On the 3d day of January, 1889, he
presented to the board of county commissioners of that county
a claim, duly verified, for his salary as probate judge for the
quarters ending September 30 and December 31, 1887, and
March 1, 1888, amounting to $195, being $67.50 for the two
first quarters, and $60 for the third quarter, under § 2, chap-
ter 165, Laws of 1887, now a part of ¶ 2524, General Stat-
utes of 1889, reading as follows:

"The probate judge shall receive no fees for his services
27—47 KAS

under this act, except a salary of $15 per annum for each one thousand inhabitants in such county, the number to be determined by the last annual census return of such county, but in no case shall such salary exceed the sum of $1,000 per annum, to be paid by the county commissioners as other salaries."

The population of Miami county in the years 1887, 1888, was 16,249, as shown by the census returns of these years, and these facts were admitted. The board of county commissioners rejected the claim, and Collins appealed to the district court, and a judgment for the full amount was recovered. The case is brought here for review, and the questions presented and discussed are, that the probate judge is not entitled to compensation unless he has actually performed service by granting permits or doing some of the other things required by the statute, and that the legislature has no power, under section 8, article 3, of the constitution, to provide a salary for the probate judge.

Neither of these contentions is supported by reason or authority. The salary granted the probate judge by virtue of ¶ 2524, General Statutes of 1889, is not dependent upon the amount of services rendered. The terms of the statute are absolute and unconditional; his office is open, and he is in attendance day by day to discharge the additional duties imposed upon him by the act of the legislature. If the conditions are such that no labor is imposed upon him, this is no reason why we should disregard a plain command of the lawmaking power. Such a construction would involve the courts or the boards of county commissioners in prolonged investigations as to whether salaried officers of the state and county had performed all or any of the particular acts enumerated in the statute that are required of persons occupying these salaried positions. The county attorney is paid a salary, and it is not dependent on the fact as to whether the services that are imposed upon the office have been rendered in part or in whole. His compensation does not vary with the amount of service performed, but is fixed arbitrarily by that body that alone has the power to designate it. The object of this law was to pro-

vide an officer who would grant permits legally to druggists to sell intoxicating liquor for the purposes and under the conditions imposed, and we have no doubt but that such officer can better discharge his duty by non-action than by the performance of every act contemplated by the terms of the statute.

On the constitutional question it is only necessary to say that the language used in § 8 of article 3, according to the ordinary rules of construction, applies to only those things that are enumerated in the section. "He shall hold court at such times, and receive for compensation such fees," etc., is the language, and this refers to the probate jurisdiction granted by the same section. The legislature has the power under the constitution of casting upon the person who holds the office of probate judge the duty of issuing permits or licenses for the sale of liquors, as provided in chapter 128, Laws of 1881. (*Intoxicating-Liquor Cases*, 25 Kas. 751.) A probate judge may receive judicial powers other than those granted by the constitution to the probate court. (*Young v. Ledrick*, 14 Kas. 92.) If the legislature has the power to add to the duties of the office, it follows that it has power to provide for compensation for the performance of the additional duties, the constitutional provision only fixing compensation for the class of duties therein enumerated.

In any view that can be taken, we think the district court did right, and recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.