DAVID HUBBARD v. J. W. JONES *et al.*

No. 11,572.    (60 Pac. 743.)

1. JUDGMENT—*Method of Transfer from one County to Another.* Before a judgment rendered by the district court or a justice of the peace in one county can operate as a lien on real estate of the judgment debtor in another, a certified transcript of the same must be filed in the office of the clerk of the district court of the latter county.

2. ——— *Abstract Insufficient—Transcript Necessary.* The clerk of the district court of a county in which a judgment was rendered by a justice of the peace sent a certified copy of an abstract of the same on file in his office to another county, where it was filed in the office of the clerk of the district court and entered of record. *Held,* that the certified abstract created no lien on lands of the debtor in the latter county.

Error from Johnson district court; JOHN T. BURRIS, judge.   Opinion filed April 7, 1900.   Reversed.

*Parker & Hamilton,* for plaintff in error.

*McHale & Leonard, O. G. Richards,* and *A. Smith Devenney,* for defendants in error.

The opinion of the court was delivered by

SMITH, J. : The conclusion we have reached regarding the validity of the lien of the judgment rendered in favor of Henrietta S. Durr makes it unnecessary to pass upon other questions discussed by counsel.

On November 7, 1895, Henrietta S. Durr recovered a judgment before a justice of the peace in Douglas county against J. L. Koofer and wife for $300.   A certified abstract of this judgment was taken and filed in the office of the clerk of the district court of Douglas county and duly docketed.   The abstract conformed to section 158, chapter 103, General Statutes of 1897 (Gen. Stat. 1899, § 5160).   The judgment creditor then attempted to transfer the judgment to Johnson county by filing a copy of this abstract, certified to by the clerk of the district court of Douglas county, with the clerk of the district court of Johnson county.   The controversy here arose over the priority of the lien of said judgment on lands in Johnson county as against other liens.

The section of the statute above cited provides that, for the purpose of docketing in the district court, the abstract of a judgment of a justice of the peace shall be in a form prescribed.   There is no statutory provision to be found which authorizes a certified copy of such abstract to be taken from the county where the judgment is rendered and filed in another county.

In *Treptow v. Buse*, 10 Kan. 170, it was held that, for the purpose of transferring a judgment from a justice of the peace to the district court, the abstract provided for by statute is sufficient and a full transcript is unnecessary. That case, however, did not involve the question as to whether a lien on real estate could be created by sending a certified copy of such abstract to a foreign county, and the proposition before us now was not considered. We think the question must be determined by reference to those sections of the statute relating to transcripts of judgments. Sections 440 and 444, chapter 95, General Statutes of 1897, read:

"Sec. 440. In all cases in which a judgment shall be rendered by a justice of the peace the party in whose favor the judgment shall be rendered may file a transcript of such judgment in the office of the clerk of the district court of the county in which the judgment was rendered; and thereupon the clerk shall on the day on which the same shall be filed enter the case on the appearance docket, together with the amount of the judgment and time of filing the transcript; and shall also enter the same on the judgment docket as in case of a judgment rendered in the court of which he is clerk." (Gen. Stat. 1899, § 4809.)

"Sec. 444. If such judgment becomes dormant, or if any of the parties thereto die before the same is satisfied, it may be revived in the same manner as other judgments in the district court; and a certified copy of the entry of such transcript may be filed in the office of the clerk of the district court of any other county, and shall be a lien on the real estate of the debtor in such county from the date of the filing of such copy." (Gen. Stat. 1899, § 4813.)

The provisions of section 416 of chapter 95 will assist in a determination of the question. That section reads:

"An attested copy of the journal entry of any judgment, together with a statement of the costs taxed

against the debtor in the case, may be filed in the office of the clerk of the district court of any county, and such judgment shall be a lien on the real estate of the debtor within that county from the date of filing such copy. The clerk shall enter such judgment on the appearance and judgment dockets in the same manner as if rendered in the court of which he is clerk.'' (Gen. Stat. 1899, § 4683.)

It will be seen that there are two methods of transferring a judgment of a justice of the peace to the district court — by abstract and by transcript. Section 158 of chapter 103 provides for one, and section 440 of chapter 95, above set out, for the other; but the manner of certifying the judgment to a county other than that in which it was rendered is found in the latter part of section 444 and in section 416, of chapter 95. A compliance with said sections requires a transcript to be filed in the office of the clerk of the district court of another county, and that transcript must contain an attested copy of the journal entry of judgment, and the judgment then becomes a lien on the real estate of the debtor within that county from that date. An abstract, as provided for by section 158 of chapter 103, does not contain the journal entry of judgment rendered before the justice of the peace. It is a brief statement, showing merely the parties to the suit, when judgment was rendered, the amount, and in whose favor.

There is good reason for requiring a certified transcript of a judgment of a justice of the peace, instead of an abstract thereof, to be filed and entered of record in a county other than that in which the judgment is rendered before it can operate there as a lien on real estate. Such transcript carries on its face proof of jurisdiction which cannot be ascertained from an abstract. In the county where the judgment is ren-

dered it is generally easy, upon finding an abstract of a judgment filed in the office of the clerk of the district court, for interested persons to ascertain, by an inspection of the justice's record, all the facts that a transcript would furnish. In a county distant from that where the judgment was rendered, such information is more difficult to obtain.

The matter is, after all, a question of statutory authorization. A judgment lien cannot be made effective beyond the jurisdiction of the court rendering the judgment without express statutory direction. The law says that a transcript must be used for such purpose. We cannot expand this language to make it include an abstract. This would be legislating. An abstract, when certified and lodged in the office of the clerk of the district court in the county where the judgment is rendered, makes the judgment a lien in that county. A transcript not only performs the same office, but, in addition, it is such a record as may be certified by the district clerk and sent to any other county in the state, creating a lien therein on lands of the debtor from the date of its filing. Each is given by law the same force and effect within the boundary of the county which marks the jurisdiction of the justice of the peace, but beyond this a transcript alone must furnish evidence of the judgment necessary to create a lien. No less formality is permissible in transferring such judgment to another county than is required in the transfer of a judgment rendered originally in the district court.

The judgment of the district court is reversed and a new trial ordered.