*In re* CLARA GASSAWAY, *Petitioner.*

**No. 14,257.**  ( 79 Pac. 113.)

SYLLABUS BY THE COURT.

PRACTICE, PROBATE COURT—*Power to Commit Girls to Industrial School—Act Constitutional.*   Section 11 of the Laws of 1889 (Gen. Stat. 1901, § 7147), which confers power on the probate courts to commit to the industrial school for girls "any girl under sixteen years of age who is incorrigible and habitually disregards the commands of her father, mother, or guardian, and who leads a vagrant life, or resorts to immoral places or practices, and neglects or refuses to perform labor suitable to her years and condition, and to attend school," is not unconstitutional. This authority, when exercised in the manner provided by the statute, is purely judicial, and not inconsistent with the full and free performance of the duties imposed upon such courts by the constitution.

Original proceeding in *habeas corpus.*   Opinion filed January 7, 1905.   Petitioner remanded.

*J. A. Smith,* for petitioner.

*C. C. Coleman,* attorney-general, and *James S. Gibson,* for respondent.

The opinion of the court was delivered by

GREENE, J. :   Clara Gassaway, a girl thirteen years of age, was found by the probate court of Wyandotte county to be leading a vagrant life and not attending school, and was committed to the state industrial school for girls, where she is now detained by its matron.   By this proceeding she seeks to obtain her release.   The illegality of her detention, as claimed, is the lack of power in the probate court to commit her to such school.   The following are her contentions :   First, that the powers of the probate court are limited by section 8 of article 3 of the constitution, and that the authority attempted to be exercised in

this case is not one of those there enumerated; second, that section 7147 of the General Statutes of 1901, in so far as it attempts to confer upon the probate court power to commit the persons therein named to the state industrial school, violates the provision of the constitution referred to, and hence is void.

Section 1 of article 3 of the constitution places the judicial power of the state in the supreme court, district courts, probate courts, justices of the peace, and such other courts, inferior to the supreme court, as may be provided by law. It will be observed that a probate court is a judicial tribunal. Section 8 of the same article provides that probate courts shall have such jurisdiction of the property of certain persons as shall be provided by law, and shall also have jurisdiction in *habeas corpus*. This section does not prohibit the legislature from imposing other and additional judicial duties on the probate courts not inconsistent with, and the exercise of which would not interfere with, the performance of those duties fixed by the constitution.

Section 7147 of the General Statutes of 1901 confers power on the probate courts to commit to the industrial school for girls "any girl under sixteen years of age who is incorrigible and habitually disregards the commands of her father, mother, or guardian, and who leads a vagrant life, or resorts to immoral places or practices, and neglects or refuses to perform labor suitable to her years and condition, and to attend school." Before a girl can be committed a complaint in writing must be filed stating the charges made, and the probate court must give five days' notice to all persons interested before an investigation may be held, which, of course, includes the girl against whom

the complaint is made.   She may appear in person and be represented by counsel, produce witnesses on her own behalf, and cross-examine those produced against her.   In the determination of the questions the court exercises judicial discretion and judgment, determines from the evidence what would be to the best interest of the state and of the girl, and renders its judgment accordingly.   The authority thus exercised is purely judicial, and is not inconsistent with the full and free exercise of the duties imposed upon such courts by the constitution.   We have, therefore, a judicial tribunal, created by the constitution, exercising judicial functions conferred by statute.

In *Young v. Ledrick*, 14 Kan. 92, it was held that the probate courts may receive judicial powers other than those granted by the constitution.   No reason has been given, and we do not believe one can be given, why this may not be true.   The act conferring this jurisdiction upon the probate courts is not in violation of any provision of the constitution ; indeed, we think that the provision referred to contemplates the exercise by the probate courts of such other judicial functions as the legislature may confer upon them.

The petitioner is remanded.

All the Justices concurring.