S. A. HONCE *et al.* v. CHARLES SCHRAM *et al.*

No. 14,408.    (85 Pac. 535.)

SYLLABUS BY THE COURT.

1. PROCEEDING IN AID OF EXECUTION—*Action of Probate Court —Review by District Court.* In a proceeding in aid of execution the probate judge acts as a subordinate officer of the district court from which the execution is issued, and in the supervision of the probate judge's action the court exercises original, rather than appellate, jurisdiction.

2. —— *Method of Invoking Jurisdiction of District Court.* Where such supervision was invoked by what was termed a "petition in error," and the court gave such consideration to the proceedings of the probate judge as would have been given on a formal application, it cannot be held that its action was void or that any one was prejudiced by the informality.

3. —— *Basis for the Proceeding.* An abstract of a judgment of a justice of the peace duly filed in the district court is a sufficient basis for a proceeding in aid of execution.

4. JUDGMENTS—*Payment by a Surety—Subrogation—Contribution.* Under section 480 of the civil code (Gen. Stat. 1901, § 4926) a surety who has paid a judgment may have the benefit of such judgment, not only to compel repayment from the principal, but also to enforce contribution against other sureties jointly liable with him on the judgment.

5. —— *Assignment to a Surety—Satisfaction.* The payment of such judgment by one of the sureties against whom it was rendered, and the taking of an assignment of the judgment to himself, did not operate as a satisfaction of the judgment against the other judgment debtors.

6. PROCEEDING IN AID OF EXECUTION—*Rights of Third Parties to Ownership of Assets.* While the rights of third parties as to the ownership of assets sought to be subjected to the payment of a judgment cannot be finally determined in this summary proceeding, the mere fact that property is in the hands of others than the judgment debtor, or that a colorable dispute as to the ownership arises, does not deprive the judge of power to proceed.

7. —— *Res Judicata—One Not a Party.* A third person who is subpœnaed as a witness and gives testimony in such a proceeding, but who is not made a party to it, and who does not intervene to claim the property, is not bound by the order

Honce v. Schram.

of the judge, and may afterward in an appropriate action litigate his rights to such property.

8. ——— *Absence of the Judgment Debtor.* The failure of the judgment debtor to appear and give testimony in the proceeding does not preclude the examination of other witnesses, nor prevent the judge from making such order as the testimony produced will warrant.

Error from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed April 7, 1906. Affirmed.

*N. A. Yeager,* for plaintiffs in error.

*T. A. Kramer,* for defendant in error Charles Schram.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a proceeding in aid of execution. Joseph S. Bogle gave a promissory note for borrowed money, and procured his brother, John P. Bogle, and also Charles Schram and E. H. Hutchins, to sign the note as sureties. Default was made in the payment of the note, and on May 16, 1891, judgment was obtained before a justice of the peace against the principal and the sureties. For his own protection one of the sureties, Schram, paid the judgment and took an assignment of it. An abstract of the judgment was filed in the district court, and several executions were issued without substantial results.

On October 13, 1903, Schram instituted this proceeding, and an order was issued by the probate judge requiring both of the Bogles to appear and answer concerning property of theirs which might be subject to the payment of the judgment. In that connection a subpœna *duces tecum* was issued, directed to S. A. Honce, a daughter of John P. Bogle, and to Chris Wirth, under which S. A. Honce produced a note for $300, executed by Wirth. On the part of Schram it was claimed that this note was the property of John P. Bogle, while Mrs. Honce stated that it had been given to her by her father for services rendered. After

24—73 KAN.

a hearing the probate judge found that the note and indebtedness were the property of John P. Bogle, and in order to cover it up and to prevent Schram from collecting a share of the judgment from him he had attempted to transfer the note and indebtedness to his daughter, Mrs. Honce, and that the transfer was without consideration and fraudulent. An order was made by the judge appointing a receiver, and directing him to take charge of and collect the note and apply the proceeds upon the Bogle judgment. The probate judge, who had obtained possession of the note under the subpœna *duces tecum,* delivered it to the receiver.

Exceptions were taken to the rulings of the probate judge, a transcript of the proceedings was made, and the matter was taken before the district court upon what is designated as a "petition in error." Schram moved to dismiss the proceeding for lack of jurisdiction in the district court, on the theory that a proceeding in error is not warranted in such cases. The district court denied the motion, reviewed the proceedings before the probate judge, and sustained his rulings. John P. Bogle died after the proceeding was begun, and the administrator of his estate, as well as his daughter, S. A. Honce, complain of the rulings of the district court. In a cross-petition in error Schram also complains of the refusal of the district court to dismiss the proceeding.

In a proceeding in aid of execution the jurisdiction of the district court to review and revise the action of the probate judge is original rather than appellate.

"While the proceedings were had before the probate judge, they were not an exercise of probate jurisdiction, nor was a record of them required to be kept in the probate court. The judge was exercising judicial functions in a case in the district court, and was in fact acting as a subordinate officer of that court, and under its supervisory control." (*Bowersock v. Adams,* 55 Kan. 681, 685, 41 Pac. 971.)

(See, also, *Young v. Ledrick,* 14 Kan. 92; *Sewing-*

*machine Co. v. Wait,* 24 Kan. 136; Code, § 499; Gen. Stat. 1901, § 4976.)

The proceeding, being in the district court, was of course subject to its supervision. Although irregularly brought to its attention, the court had jurisdiction to examine and, if necessary, to correct the proceedings of its subordinate officer. That jurisdiction was invoked, and a hearing had upon a full transcript of the proceedings. The consideration of the court was substantially what it would have been if it had been invoked by an ordinary application, and, that being true, the name of the paper by which its jurisdiction was invoked is not very material. The transcript presented the doings of the probate judge more fully than if the requirements of the code had been strictly followed. The code provides that "the judge shall reduce all his orders to writing, which together with a minute of his proceedings signed by himself shall be filed with the clerk of the court," etc. (Code, § 499; Gen. Stat. 1901, § 4976.) Since the court supervised the proceedings of the probate judge substantially as if there had been a formal presentation, it cannot well be said that its action was void, nor that any one suffered prejudice by reason of the informality.

On the other side, it is insisted that as a full transcript of the judgment of the justice of the peace was not filed in the district court there was no basis for the proceeding. An abstract of the judgment is sufficient. When an abstract, such as is prescribed in section 119 of the justices' code (Gen. Stat. 1901, § 5352), is filed in the district court, the judgment is subject to the same rules and has the same force within the county as though originally rendered in the district court. (*Treptow v. Buse,* 10 Kan. 170; *Rahm v. Soper,* 28 Kan. 529.) Where a judgment is to be transferred from one county to another a different rule applies, and the transcript of the journal entry of judgment is required. The distinction between such a transfer and the filing of an abstract within the county is pointed

out, and the reasons given therefor, in *Hubbard v. Jones,* 61 Kan. 722, 60 Pac. 743.

The contention that Schram was not entitled to the benefit of the judgment to enforce contribution from his cosurety cannot be sustained. Under section 480 of the civil code (Gen. Stat. 1901, § 4926) a surety who has paid a judgment may have the benefit of such judgment, not only to compel repayment from the principal, but also to enforce contribution against any one jointly liable with him on the judgment. In such a case a new proceeding would be wholly superfluous. The assignment of the judgment, when it was paid by Schram, was entered on the docket and embraced in the abstract of the judgment which was filed in the district court. The assignment did not operate as a satisfaction of the judgment as against the other judgment debtors, and under it, and the notice which the entry afforded, Schram was entitled to enforce contribution against his cosurety Bogle. (*Harris v. Frank,* 29 Kan. 200; *Williams v. Riehl,* 127 Cal. 365, 59 Pac. 762, 78 Am. St. Rep. 60; 17 Cyc. 1410.)

There is a contention that the judgment had not been kept alive and was therefore not enforceable. This is based on the discredited theory that no execution was issued on May 11, 1896. The entry on the judgment docket was that on the date named a præcipe for execution was filed and an execution issued. That execution appears to have been lost; but there is ample testimony that it was in fact issued, placed in the hands of the sheriff, and that he returned the writ unsatisfied. The oral proof of this fact is supplemented by an entry on the docket of June 2, 1896, that the execution was returned, entered, and filed, and that it was unsatisfied.

It is next contended that the judge had no power over S. A. Honce, who was only a witness, and that his order can have no binding effect upon her, or upon Wirth, who owed the impounded debt. The judge did have power to inquire whether the debt was an asset of John P. Bogle, and, that being found, to order the

application of it to the payment of the judgment. The note had been placed in the custody of the judge, and, so far as appears, it was surrendered without objection. If she had refused to yield possession, or had intervened as a party and claimed ownership of the note, the judge would probably have declined to proceed further until the dispute as to ownership had been settled. It is true, as contended, that an ultimate determination of a disputed ownership of property or of indebtedness cannot be made in this summary proceeding, and especially in a case where the claimant is not a party to the proceeding. However, the mere fact that an asset is in the hands of another than the judgment debtor does not preclude the application of it to the payment of the judgment. The statute provides that the judge may order the application of any property of the judgment debtor not exempt by law which is in the hands of any other person or corporation, or which may be due to the judgment debtor, upon the judgment, and may enforce the order by contempt proceedings. (Code, § 490; Gen. Stat. 1901, § 4966.) We have no statute, as do some of the states, providing that a dispute as to title or ownership ends the inquiry; and the statute would not be very effective if every dispute, colorable or otherwise, terminated the proceeding.

The statute is intended, however, to include only property of the judgment debtor, and is not operative upon the property of third persons; and a proceeding under it can never conclude the rights of third parties where there is a substantial dispute as to title or ownership by such parties. A refusal to surrender the note might have made necessary an action by the receiver of the court to obtain possession of, and collect, the note; but there was no refusal nor any intervention by Mrs. Honce. She was not a party to the proceeding, and her right to the note is not concluded by the action of the judge. She was a witness, and was brought into court by the compelling force of a subpœna, but this did not make her a party nor give her a

Honce v. Schram.

day in court. The judge in this case has found, upon what appears to be sufficient evidence, that the indebtedness of Wirth was due to Bogle, and therefore the order of application is not without support. The order, however, is not binding upon a third party like Mrs. Honce, and if there is a real dispute as to the ownership of the asset she is entitled to a trial in accordance with the regular forms of law.

The fact that John P. Bogle did not give testimony before the judge does not invalidate the order. The statute contemplates that other witnesses may be examined, and that the order of the judge shall be based upon the whole testimony submitted in the proceeding. The absence of the judgment debtor, which in this case it is said was due to his illness, does not defeat the proceeding. (*State, ex rel., v. Downing,* 40 Ore. 309, 58 Pac. 863, 66 Pac. 917.)

We think the probate judge had judicial authority to make the inquiry and order of application; that there is evidence to support his order; and that he correctly measured the liability of John P. Bogle as co-surety. The judgment is affirmed.

All the Justices concurring.