## GULAGER v. BICKFORD.

No. 19652. Opinion Filed Sept. 9, 1930.

Rehearing Denied Nov. 18, 1930.

T. H. Davidson, for plaintiff in error.

W. R. Banker, for defendant in error.

HERR, C. On the 14th day of October, 1927, Mary P. Bickford recovered judgment in the city court of Muskogee, against W. M. Gulager for the sum of $310, and on the same day filed and caused to be docketed an abstract thereof in the district court of Muskogee county.

An execution was issued on said judgment out of the district court of said county on October 17, 1927, and was returned unsatisfied on October 25th. On January 10, 1928, an alias execution was issued, which was, on the 14th day of February, 1928, returned unsatisfied. On the same day upon which the alias execution was issued, the judgment creditor made application for the issuance of an order of citation against the judgment debtor as provided by sections 732 and 733, C. O. S. 1921, which citation was by the court issued on the 25th day of January, 1928.

On the 1st day of February, 1928, defendant, judgment debtor, filed his motion to quash the alias execution and order of citation, which motions were thereafter by the court denied, and judgment rendered accordingly. To reverse the judgment, defendant Gulager appeals to this court.

It is first contended that the execution and order of citation are void for the reason that there is no law authorizing the filing of abstracts of judgment rendered in the city courts; that the act creating such courts does not expressly authorize the filing of such abstract; and that the district court was, therefore, without jurisdiction in the premises. We do not agree with this contention. It is true the act creating city courts does not expressly authorize the filing of such abstract, but section 4693, C. O. S. 1921, being a part of the act in question, puts in force the procedure and practice in the justice of the peace courts except where otherwise specifically provided by the act creating such courts. This section makes section 1008 of the justice of the peace practice act applicable. These sections authorize the filing of the abstract in question, and the filing thereof vested jurisdiction in the district court, and the execution and order of citation were properly issued out of said court.

It is next contended that the abstract is void for the reason that the same is certified by the clerk of the court instead of the judge thereof. This contention cannot be sustained, as section 4699 of our statute authorizes this procedure.

The contention that the abstract is void for the reason that the date of the rendition of the judgment is not shown is without merit. The abstract shows upon its face that the judgment was rendered 10-14-1927. This is a sufficient showing as to the date as it is readily ascertainable therefrom that the judgment was rendered October 14, 1927.

It is urged that the abstract is void for the reason that the same was filed on the same date judgment was rendered. This contention is based on the theory that the defendant had ten days in which to appeal, and that no abstract could be filed and no execution could issue within this period. There is no merit to this contention. Under section 4706, no appeal is allowed from a default judgment rendered in a city court except in the circumstances therein mentioned. Defendant makes no attempt to show that the judgment was not rendered upon his default, nor does he attempt to show that he had a right to appeal under said section, nor does the record show any attempt by him to perfect an appeal.

It is next contended that the order of citation is void for the reason that the judgment upon which execution was issued is described as having been rendered in the district court instead of reciting that the same was rendered in the city court and an abstract thereof filed in the district court. This contention is purely technical, and, in our opinion, cannot be sustained. The execution was somewhat irregular, but, in our opinion, not absolutely void. No levy was made thereunder, but, on the contrary, the same was returned unsatisfied. Sections 732 and 733, C. O. S. 1921, provide that citation may issue to the judgment debtor requiring him to appear and disclose his assets after an execution issued on the judgment has been returned unsatisfied. The execution is assailed for the purpose of showing that no foundation or predicate has been laid for the issuance of the order of citation. We think the execution, though somewhat irregular, is sufficient to form a basis for the issuance of this order.

It is also contended that the citation is void for the reason that application therefor was made on the same day the alias execution was issued; that, under the sections of the statute above referred to, no citation could issue until execution was returned unsatisfied. This contention is also without merit. The record discloses that a prior execution had already been returned unsatisfied, and that the order of citation

was issued thereafter. We know of no law which would render the citation void simply because the application therefor was made on the same date the alias execution was issued. The statute, section 732, provides that the citation may issue after execution is returned unsatisfied. The return of the first execution unsatisfied formed a sufficient basis for the issuance of this order.

We cannot hold the citation void on this ground.

It is finally contended that the act creating city courts is unconstitutional as being a special or local law. The act was passed in 1917 (Laws 1917, c. 113) and amended in 1919 (Laws 1919, c. 157) and creates courts known as city courts in any county in the state having a city with a population of more than 25,000 and less than 55,000 people, as shown by the last federal census or any federal census thereafter. We do not think the act unconstitutional. Acts of a similar nature have been upheld by this court in the following cases: Roberts v. Ledgerwood, 134 Okla. 152, 272 Pac. 448; Burks v. Walker, 25 Okla. 353, 100 Pac. 544; Chickasha Cotton Oil Co. v. Lamb & Tyner, 28 Okla. 275, 114 Pac. 333. See, also, Buchannan v. State, 30 Okla. Cr. 362, 236 Pac. 903. These cases hold acts of a similar nature valid and sanctioned by section 1, of article 7, of the Constitution of the state.

In our opinion, the trial court properly denied the defendant's motions to quash. Judgment should be affirmed.

DIFFENDAFFER, EAGLETON, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.