## CHERRY v. SHARP.

No. 20435. Opinion Filed Sept. 15, 1931.

R. R. Rittenhouse, for plaintiff in error.

Erwin & Erwin, for defendant in error.

CULLISON, J. Plaintiff instituted suit in replevin to recover possession of certain personal property. Defendant answered by general denial and pleaded that the property was partnership property jointly owned. and requested damages for the wrongful acts of plaintiff and the conversion of defendant's property.

Defendant attached to his answer a copy of the articles of partnership between plaintiff and defendant pertaining to the property in controversy. Plaintiff replied with an unverified denial.

The parties will be referred to as they appeared in the trial court.

Plaintiff and defendant entered into a partnership agreement, in writing, for the purpose of farming and stock-raising. Plaintiff owned a large farm, on which he had considerable stock and farm equipment. Defendant also had some cattle. By the terms of the partnership agreement each party was to sell, and the other party was to buy; a half interest in the property of the other, so that plaintiff and defendant each owned one-half interest in the equipment and live stock, and plaintiff owned the land.

Plaintiff was treasurer and the proceeds of everything produced on the farm and sold were to be turned to the treasurer. The partnership began January 1, 1927. On November 1, 1927, plaintiff filed this suit seeking to replevin all live stock, farm equipment, and feed on the farm, which was the partnership property.

Plaintiff, in his opening statement of the case, stated, in part (R. 35):

"It will appear that the parties entered into a written contract along about the 1st of January, 1927. By the terms of that, Mr. Cherry was to furnish Prentiss Sharp and another party—he was to furnish this stock and tools and property, seed and stuff, and they were to raise crops and raise stock. Under that he reserved the title,—Mr. Cherry reserved all the title to this property under that written contract."

The partnership contract referred to by plaintiff in his opening statement provided that plaintiff and defendant entered into the partnership for the purpose of farming and stock-raising, and by provisions of paragraphs 8 and 9 of the partnership agreement each party agreed to sell to the other one-half interest in the personal property held by each party to the agreement, so that each party owned one-half of the live stock and farm equipment on the farm. This partnership contract was the instrument pleaded by defendant and attached to his answer, and was not denied under oath by plaintiff.

When the trial commenced, and at the proper time, defendant objected to the introduction of evidence on behalf of plaintiff, objecting because the petition did not state a cause of action and defendant's answer pleaded a written partnership agreement which is not denied under oath and no plea in reply except a general denial directed to that part of the answer. This objection was overruled and exceptions saved. At the conclusion of plaintiff's evidence, defendant demurred to plaintiff's evidence, and in passing on the demurrer the court made the following order (R. 107):

"The Court: There is no question in my mind, gentlemen, but that this is a partnership agreement which has never been dissolved by the parties. The demurrer will be sustained, and the motion for the return of the property, or the value thereof, is also sustained."

To reverse said decision, plaintiff appeals.

Plaintiff contends: First, that the court erred in taking the case from the jury; and, second, where the pleadings state a cause of action and the evidence reasonably tends

to support the allegations of the pleadings, a demurrer cannot be sustained.

Plaintiff brought this action in replevin, alleging that he was the owner and entitled to the immediate possession of the property in controversy. Defendant pleaded in his answer that the property in controversy was partnership property, jointly owned by plaintiff and defendant, and attached to his answer a copy of the partnership agreement. Plaintiff replied with an unverified denial.

Section 287, C. O. S. 1921, provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent, or attorney."

Said section provides that the allegation of the existence of a partnership shall be taken as true unless the denial of the same be verified. In the case at bar plaintiff's reply was not verified, and under section 287, supra, admits the existence of the partnership as pleaded by defendant, and since the partnership is admitted under the pleadings, can plaintiff maintain his suit in replevin in an attempt to recover the property held by the partnership. In the case of Price v. Smith, 116 Okla. 27, 243 Pac. 153, this court said, syllabus paragraph No. 1:

"In the absence of a statute, one partner cannot maintain an action at law against another to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the concern by discharging its liabilities, collecting its assets, and definitely ascertaining the surplus to a share of which he is entitled. Up to that time, a partner's only remedy is to apply to a court of equity for dissolution and accounting and ascertainment of such balance."

See, also, Cobb v. Martin, 32 Okla. 588, 123 P. 422; Baughman v. Hebard, 65 Okla. 208, 166 P. 88; Lavery v. Gardner, 116 Okla. 63, 243 P. 216.

The record further discloses that on November 12, 1927, which was eleven days after filing the case at bar, plaintiff filed a second suit against defendant seeking to foreclose a chattel mortgage on an undivided one-half interest on all crops planted, farmed, raised, and gathered on certain lands, being part of the land described in the partnership agreement. This was property defendant had acquired under the partnership agreement, and plaintiff, by his suit asking for the foreclosure of his lien on the crop, admitted that defendant had an interest in said crop or it would not be necessary for plaintiff to foreclose his lien on said property.

During the trial of the case at bar, plaintiff attempted to show that there had been a settlement of the partnership business between plaintiff and defendant some four days before the suit at bar was filed. He did not so testify the first time examined, but later in the case testified as to the settlement. This is contradicted by the suits filed by plaintiff eleven days after the suit at bar was filed, in which plaintiff sought to foreclose a mortgage given by defendant to plaintiff on defendant's part of the crop harvested and growing under the partnership.

Furthermore, if the attempted settlement was made, it was invalid under the statute of frauds, section 5034, C. O. S. 1921:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: * * * Fourth, an agreement for the sale of goods, chattels, or things in action, at a price not less than $50, unless the buyer accept or receive part of such goods and chattels, or the evidence or some of them, of such things in action, or pay at the same time some part of the purchase money; but when a sale is made by auction, an entry by the auctioneer in his sale book, at the time of the sale, of the kind of property sold, the terms of sale, the price and the names of the purchaser and person on whose account the sale was made, is a sufficient memorandum. * * *"

Furthermore, the partnership agreement was a contract in writing.

Section 5081, C. O. S. 1921, provides:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

There was no written memorandum or contract in writing to change or settle the existing contract, neither was there an executed oral agreement to settle the affairs of the partnership. Defendant held possession of the personal property belonging to the partnership and resisted plaintiff in his efforts to secure possession of the same.

Under the authorities cited, neither partner could maintain an action against the other until a showing was made that the partnership had been dissolved, except a suit in equity for dissolution and accounting.

Plaintiff failed to raise such issues by his pleadings. Under the pleadings in the case

a valid partnership existed. It was the province of the court to pass upon the legal effect of the evidence introduced. It was a legal question for the court as to whether the partnership had been terminated, and the court held that the partnership had not been dissolved. After careful consideration of the record and the authorities cited, we hold that the decision of the trial court was correct.

Judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent. ANDREWS, J., not participating.

Note.—See under (1) annotation in 21 A. L. R. 125.