UNITED STATES FIDELITY & GUARANTY CO. v. CHERRY et al.

No. 29614. Sept. 17, 1940.

*105 P. 2d 544.*

Byrne A. Bowman and A. K. Little, both of Oklahoma City, for plaintiff in error.

M. A. Cox, of Chandler, for defendants in error.

RILEY, J. Plaintiff in error commenced this proceeding by filing an application for an order in aid of execution upon a judgment against defendant in error J. W. Cherry in a controversy growing out of an action in replevin brought by J. W. Cherry against Prentiss Sharp. Under a writ of replevin Cherry took possession of certain personal property. Upon trial of the issues in that action, the court rendered judgment in favor of Sharp for the return of the property, or its value, fixed at $2,122.25. Cherry appealed, but the judgment was affirmed. Cherry v. Sharp, 151 Okla. 152, 3 P. 2d 165.

After mandate in that case was spread of record in the district court, Sharp caused writ of execution to be issued upon the judgment.

Thereupon Cherry commenced an action to have Sharp and others enjoined from levying the execution until a settlement of alleged partnership could be had, and further sought settlement of the partnership affairs. Temporary in-

junction was denied, and Cherry again appealed to this court.

The district court was affirmed. Cherry v. Sharp, 172 Okla. 241, 45 P. 2d 70.

Pending that appeal, Cherry obtained an order in this court staying execution of the judgment conditioned on the filing of a supersedeas bond in the sum of $5,-000. But Cherry failed to furnish the supersedeas bond, and on July 12, 1933, this court entered an order vacating the stay, thus permitting Sharp to have execution issued or seek other remedy. Cherry v. Sharp, 164 Okla. 266, 23 P. 2d 699.

In the meantime, on September 17, 1931, Sharp assigned to Walter E. Erwin and P. D. Erwin, his attorneys in the original action, a one-half interest in his judgment against Cherry, the one-half interest being $1,061.12, with interest from date of original judgment, and on the same day assigned a further interest in said judgment to the amount of $239.45 to Drs. F. B. and P. F. Erwin.

On June 16, 1937, said assignees reassigned their respective interests in said judgment to the United States Fidelity & Guaranty Company.

The judgment became dormant. On November 19, 1938, the court entered an order reviving said judgment as to the interest held by the United States Fidelity & Guaranty Company.

In the order reviving said judgment as to such interest, the court, after reciting facts concerning said judgment, and the assignment of said interests therein, made the further finding as follows:

"The court further finds that J. W. Cherry is alive and voluntarily settled the remainder of said judgment by making a compromise payment to Prentiss Sharp."

On February 18, 1939, the United States Fidelity & Guaranty Company filed the application for order in aid of execution involved in this appeal.

The sufficiency of said application is questioned.

The verified application read in part:

"(1) This company is the owner of the money judgment rendered herein against J. W. Cherry on December 11, 1928, to the extent of $1,988.12, with interest on $1,300.57 thereof at the rate of 6% per annum from October 8, 1938, until paid, and costs, and said judgment is in full force and effect.

"(2) Execution has been issued against J. W. Cherry to collect said judgment and has been returned unsatisfied.

"(5) J. W. Cherry has endeavored to conceal his assets from this company and its assignor, and has transferred his assets in fraud of this company and its assignor.

"(6) Since rendition of the aforesaid judgment, J. W. Cherry has transferred his real estate to his wife, Ethel Cherry, and other relatives, and has acquired, as this judgment creditor is informed and believes, real estate and other property which his wife holds in her name for him.

"Wherefore, this judgment creditor respectfully applies to the court for an order commanding J. W. Cherry to appear in person, and with his records, and to answer as to his assets, and restraining him from transferring or encumbering them; an order commanding Ethel Cherry to appear in person and answer as to whether she has any property of J. W. Cherry; for appointment of a receiver of the assets of J. W. Cherry; and for any other legal or equitable relief to which this creditor may be entitled."

Upon the filing of said application, the court issued an order directed to Ethel Cherry (Mrs. J. W. Cherry), on the 22nd day of March, 1939, to answer whether she had property, or was indebted to the defendant J. W. Cherry.

At the same time an order was directed to J. W. Cherry commanding disclosure and restraining transfer of assets.

The matter came on for hearing on June 14, 1939, and the court sustained the separate demurrers of J. W. and Ethel Cherry to the application aforesaid, and this appeal is from said ruling and order.

The proceeding, so far as defendant in error J. W. Cherry is concerned, is brought under section 479, O. S. 1931, 12 Okla. St. Ann. § 842, which provides:

"When an execution against a judgment debtor * * * is returned unsatisfied in whole or in part, the judgment creditor is entitled to an order * * * requiring such debtor to appear and answer concerning his property. * * *"

The statute does not provide in what particular form the application for an order shall be made.

The demurrer and objection to introduction of evidence on the application admits the allegations contained in the application. Therefore, we must take as true the statement that an execution had issued and had been returned unsatisfied.

Section 479, O. S. 1931, is the same as section 732, C. O. S. 1921.

In Gulager v. Bickford, 146 Okla. 49, 293 P. 209, it is said:

"The statute, section 732, provides that the citation may issue after execution is returned unsatisfied. The return of the first execution unsatisfied formed a sufficient basis for the issuance of this order."

In White Sewing Machine Co. v. Wait, 24 Kan. 136, it is held:

"Where an execution * * * issued to the sheriff * * * is returned unsatisfied, the judgment creditor * * * is entitled to an order requiring the debtor to appear and answer concerning his property. * * *"

In Eleventh Ward Bank v. Heather, 48 N. Y. S. 449, construing a similar statutory provision, it is said:

"The granting of an order for the examination of a judgment debtor in supplementary proceedings is not discretionary, when the affidavit for such order complies with the requirements of the Code. Upon proofs of the facts the judgment creditor 'is entitled' to the order. Code, sec. 2435. As he is entitled to the order, he is, as a matter of course, entitled to the examination under it, unless any jurisdictional fact is disputed by the judgment debtor, or fraud or collusion between the sheriff and the

creditor is shown. * * * The jurisdictional fact is the return itself. The truth of the return cannot be inquired into collaterally, but only upon motion to set it aside."

Defendant in error contends that the order here appealed from should not be reversed for the reason that this court in the opinion affirming denial of a temporary injunction against the levy of the execution said:

"The defendant Sharp is not the owner of said property by virtue of said judgment. He is only entitled to the possession thereof by virtue of his relation thereto as partner of Cherry and part owner of the assets of the partnership, including such property. If he collects the money judgment, he holds the same as an asset of the partnership, and Cherry owns the property, whose value the money judgment represents."

The question of what disposition shall be made of the money collected under the judgment, if any, is not involved in this action.

The sole question now presented is whether defendant in error should be required to appear and answer concerning his property. The application was sufficient to invoke the jurisdiction of the court in the matter, and the trial court erred in sustaining the demurrer of J. W. Cherry.

As to defendant in error Ethel Cherry, section 479, O. S. 1931; 12 Okla. St. Ann. § 842, has no application. She is not the judgment debtor. No execution has been issued against her. Plaintiff in error, in its brief, after pointing out that there are two sections of the statute under which proceedings in aid of execution may be had, viz., sections 479 and 480, asserts:

"But the proceedings involved in the case at bar were taken under the first. It is section 479, Okla. Stat. 1931 (sec. 842, title 12, Okla. St. Ann.)."

Section 497, O. S. 1931, 12 Okla. St. Ann. § 847, provides for garnishment in aid of execution. Insofar as section 479, supra, is concerned, the order of the trial court sustaining the demurrer of defendant in error Ethel Cherry (Mrs. J. W. Cherry) was not error.

The judgment and order sustaining the demurrer of Ethel Cherry is affirmed.

The order sustaining the demurrer of J. W. Cherry is reversed and the cause is remanded for further proceedings as to said J. W. Cherry.

BAYLESS, C. J., and CORN, HURST, and DANNER, JJ., concur.