Parker C. J.
The question presented by the pleadings is, whether the judgment declared on is conclusive evidence of a debt, so as to admit of no inquiry into the merits of the demand on which it is founded ; and the decisions of the Supreme Court of the United States in the cases reported in 3 Wheat. 234, and 7 Cranch, 481, which are commented on in Commonwealth v. Green, 17 Mass. R. 546, are relied on as settling this point conclusively. In that case of Commonwealth v. Green, the Court rather bowed to the authority than to the reasons of the decisions of the Supreme Court of the United States in the cases above cited, and we are not willing to carry the principle further than those cases of necessity require.
Those decisions profess to rest upon the constitution of the United States and the laws of Congress which have been passed in pursuance thereof. The words of the constitution are, “ Full faith and credit shall be given, in each State, to the public acts, records and judicial proceedings of every other State. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof.” Art. 4, § 1.
It is perfectly clear that by this article nothing was settled *479 but that the acts, &c., authenticated as Congress should prescribe, were to be received as conclusive evidence of the doings of the tribunals in which the acts passed. And it is equally clear, that the effect of such acts was to be determined by Congress.
The act of Congress passed in 1790, (1 Cong. 2 Sess. c. 11,) prescribes the mode of authentication, but we should say, except for the decision of the Supreme Court of the United States, has not determined the effect, for it only provides, in the words of the constitution, for the “ faith and credit” to be given to acts &c. so authenticated, leaving the effect uncertain, as it was by the constitution.
But without calling in question these decisions, let us see to what records they apply. Certainly, we think, the judicial proceedings referred to in the constitution were supposed by the Congress, which passed the act providing the manner of authenticating records, to have related to the proceedings of courts of general jurisdiction, and not those which are merely of municipal authority; for it is required that the copy of the record shall be certified by the clerk of the court, and that there shall be also a certificate of the judge^ chief justice, or presiding magistrate, that the attestation of the clerk is in due form.[1] This is founded upon the supposition, *480 that the court whose proceedings are to be thus authenticated, is so constituted as to admit of such officers ; and the act has wisely left the records of magistrates who may be vested with limited judicial authority, varying in its objects and extent in every State, to be governed by the laws of the State into which they may be introduced for the purpose of being carried into effect. Being left unprovided for by the constitution or laws of the United States, they stand upon no better footing than foreign judgments, being not more than, prima facie evidence of debt, and liable to be defeated in their operation, under the plea of nil debet, as other foreign judgments are.[2]
The plea is therefore good, and judgment must be for the defendant

 In those States where a justice of the peace holds a court of record, (as under our St. 1783, c. 42, § 3; 3 Bl. Comm. 24;) and acts himself as a clerk of his court, he may certify, that he is presiding magistrate and clerk, and that the attestation is in the usual form. Bissell v. Edwards, 5 Day, 363; 1 Stark. Ev. (4th Am. ed.) 154, n. (1). There seems to be nothing in such a case, so far as the authentication of the record is concerned, to take the record of a justice’s court out of the operation of the statute of the United States, providing for the authentication of records, or to place the records of such a court on a foundation different from that of any other court.
As to the effect of the judgments of a justice’s court of record, when hie jurisdiction is final, and the parties to the judgment and the subject matter of it are shown to be within his jurisdiction, there is no reason, why such judgments should not be as conclusive on all the world, as the judgments of superior courts are. See Thomas v. Robinson, 3 Wendell, 267 ; Ex parte Tobias Watkins, 3 Peters, 202 In Thomas v. Robinson, ubi supra, it was held, that the statute of Pennsylvania creating the justice’s court, should be produced and proved, and it should also be proved, that the court acted within its jurisdiction under (he statute, and then the record would be entitled ta *480 full faith and credit. Sheldon v. Hopkins, 7 Wendell, 435 ; Cleveland v. Rogers, 6 id. 438. See also Read v. Pope, 1 Crompt., Mees. & Rosc. 302.

 Robinson v. Prescott, 4 N. Hamp. R. 450. But see Thomas v. Robinson, 3 Wendell, 267 ; Sheldon v. Hopkins, 7 Wendel, 435 ; Cleveland v. Rogers 6 Wendell, 438