S. P. LINDGREN AND F. O. LINDGREN, *late Partners, &c.,*
v. J. C. GATES AND W. W. KENDALL, *Partners, &c.*

DORMANT JUDGMENT, *How not Revived.* Where a judgment rendered
before a justice of the peace has become dormant, such judgment cannot be revived in the district court upon a transcript thereof filed with
the clerk of the court.

*Error from McPherson District Court.*

THE nature of the action, and the facts, appear in the opinion. At the October Term, 1880, of the district court, the
motion of *Gates & Kendall* to revive a certain judgment in
their favor against *Lindgren Bros.* was sustained, and the
motion of the latter to dismiss such proceeding was denied.
*Lindgren Bros.* bring the case here.

*John Foster,* for plaintiffs in error.

*T. F. Garver,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On October 6, 1874, Gates & Kendall
filed their bill of particulars before B. E. Smith, a justice of
the peace in McPherson township, McPherson county, against
S. P. Lindgren and F. O. Lindgren, late partners as Lindgren Bros. On October 29, 1874, judgment was rendered
by the justice for the plaintiffs against the defendants for
$300 debt, and $25.30 costs. When the bill of particulars
was filed, an order of attachment was issued to the sheriff of
the county, by whom sufficient goods to satisfy the judgment
belonging to the defendants were levied upon under that attachment. At the date of the attachment the goods so levied
upon, and all other property of defendants, had been assigned
to one L. M. Holmberg for the benefit of creditors. On the
4th day of November, 1874, Holmburg as such assignee replevied the goods from the sheriff. The action of replevin
was brought in the district court of the county, and judgment
rendered therein, September 17, 1875, in favor of the sheriff

for the possession of the property. From this judgment Holmberg prosecuted proceedings in error to this court. The judgment of the district court was affirmed at our July term, 1878. No execution was issued on the judgment before the justice of the peace. An order of sale was issued at the time of the rendition of the judgment, directing a sale of the attached property, but nothing was done under it on account of the replevy of the goods by Holmberg. About the time the case was taken on error to the supreme court, defendants and Holmberg tendered the goods to the attorney for Gates & Kendall, at Salina, and notified him they would not be responsible for them any longer. At this time the goods were at or near Lindsburg, in McPherson county, and Gates & Kendall were not within the state of Kansas, neither were they residents of the state. After the judgment in the replevin action, Lindgren Bros. never had any possession or interest in or benefit of the goods. On the 17th day of February, 1880, an abstract of the judgment rendered before the justice of the peace on October 29, 1874, was filed and docketed in the district court of McPherson county. On the 29th of March, 1880, Gates & Kendall filed their motion in the district court to revive the judgment. On the 13th day of April, 1880, Lindgren Bros. filed their motion to dismiss the proceeding of Gates & Kendall. At the October term of the court for 1880 a hearing was had, the motion of Gates & Kendall was sustained, and the judgment revived. The motion of Lindgren Bros. was denied; the latter parties excepted, and bring the case here.

The question before us is, Did the district court have jurisdiction to revive the judgment? At the time the abstract was filed with the clerk of the district court, the judgment of the justice had become dormant, more than five years having elapsed since its rendition without the issuance of execution. So long as a judgment is dormant, the law will not permit the judgment debtor to be disturbed by execution. This is upon the theory that the law presumes the judgment satisfied. (*State v. McArthur*, 5 Kas. 280.) Now while § 518 of the

code authorizes a transcript of the judgment to be filed in the office of the clerk of the district court, yet within the spirit of that section and the sections immediately following, it is apparent that the object of filing such an abstract is to give the judgment creditor a lien upon the real estate of the judgment debtor, and to permit him to issue execution out of the district court; but as the filing of the transcript or abstract of a dormant judgment does not give any lien upon any real estate, or authorize the issuance of any execution until further or additional steps are taken, § 518 does not apply where the judgment is dormant. If a dormant judgment cannot be revived before a justice of the peace, certainly a revivor cannot be obtained by taking an abstract of such a judgment and having proceedings thereon under § 522 of the code. If the judgment may be revived by the justice, such revivor ought to have been had prior to filing a transcript in the district court. (*State v. McArthur,* supra; *Angell v. Martin,* 24 Kas. 334.) Counsel suggests that as an order of sale was issued by the justice, and afterward stayed by the replevy of the goods, the time the order of sale was in existence should be excluded from the computation of the time, and upon this theory claims that the judgment was not dormant. We do not perceive anything in the suggestion. The order of sale was returnable in sixty days, and deducting this time, more than five years had elapsed before filing any abstract. (Sec. 137, Justices' Code.)

The judgment of the district court must be reversed, and case remanded with order to sustain motion of plaintiffs in error.

All the Justices concurring.