FRANK RAHM V. R. B. SOPER.

1. JUSTICE'S JUDGMENT, *Transferred to District Court.* Where the judgment rendered before a justice of the peace is transferred to the district court by the docketing in that court of an abstract of the judgment, such judgment becomes subject to the same rules, and is vested with the same powers as though originally rendered in the district court.

2. ———— *Jurisdiction.* The justice of the peace rendering a judgment in an action pending before him, has not jurisdiction to issue process on the judgment after an abstract of the judgment is docketed in the district court.

## *Error from Leavenworth District Court.*

THE facts in this case are as follows: About March 1, 1881, *R. B. Soper* leased a tract of land in Leavenworth county of Elizabeth H. Hook, of Pittsburgh, Pennsylvania, for a term commencing March 20, 1881, and ending March 1, 1882, and contracted to pay as rent the sum of $150 in installments. Prior to this, and in 1878, T. J. Stout, in an action then pending before Thomas Plowman, a justice of the peace in Leavenworth county, recovered a judgment against said Elizabeth H. Hook for $91.30 and costs; and in 1878 Stout filed an abstract of such judgment in the office of the clerk of the district court of Leavenworth county, and thereupon the clerk duly docketed said judgment. On February 21, 1881, an execution was issued on the judgment by Plowman, the justice of the peace, and returned unsatisfied. On March 21, 1881, upon the affidavit of Stout, the justice also issued an order of garnishment to said *R. B. Soper*, the defendant in this action. On March 26, 1881, *Soper* appeared before the justice and answered to the order of garnishment, and thereupon was ordered by the justice to pay the moneys owing by him to Elizabeth H. Hook into court when the same became due, but the order was not entered on the docket of the justice, or any record made of it, until July 30, 1881. On May 1, 1881, Elizabeth H. Hook assigned to the plaintiff in this action, *Frank Rahm*, all her right, title and interest in

34—28 KAS.

and to the rents then due or to become due from the defend-
ant, *R. B. Soper.* This action was brought by *Rahm* against
*Soper* on July 21, 1881, for the rents then due from *Soper;*
and the rents then due amounted to $50. *Soper* defended, on
the ground that the money due from the rent is bound by the
garnishment proceedings, and that such money is subject to
the event of this action. The action was originally com-
menced before a justice of the peace of Leavenworth county,
and thereafter appealed by the defendant to the district court
of that county. At the September Term of the court for
1881, and on October 8, 1881, the district court gave judg-
ment for the defendant. The plaintiff excepted, and brings
the case here.

*Lucien Baker,* and *William C. Hook,* for plaintiff in error.

*Wm. Dill,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The judgment of T. J. Stout against
Elizabeth H. Hook was rendered before a justice of the
peace of Leavenworth county in 1878, and in the same year
an abstract of that judgment was docketed in the district
court of Leavenworth county, under § 119 of the justices'
act. The garnishment proceedings against R. B. Soper were
commenced on March 21, 1881, before the justice rendering
the judgment, and long subsequent to the docketing of the
abstract in the district court. It was held in *Treptow v. Buse,*
10 Kas. 170, that the filing of an abstract in the district
court has the same force as the filing of the transcript of a
judgment. (Comp. Laws of 1879, ch. 81, § 119; id., ch. 80,
§ 518.) The filing of an abstract of a judgment rendered
before a justice of the peace obviously contemplates a trans-
fer of the judgment from the justice's court; and after the
judgment is so transferred to the district court, it becomes
subject to the same rules and vested with the same powers as
though originally rendered in that court. (*Treptow v. Buse,*
supra; Comp. Laws 1879, ch. 81, § 188.)

Section 138 of the justices' act reads:

"It shall be the duty of the justice, if the case be not appealed, taken up on error, docketed in the district court, or bail has not been given for the stay of execution, at the expiration of ten days from the entry of the judgment, to issue execution without a demand and proceed to collect the judgment, unless otherwise directed by the judgment creditor."

Within the express terms of this section, after a case has been docketed in the district court, it no longer becomes the duty of the justice to issue execution in the absence of a demand. As the docketing of the judgment in the district court transfers the judgment to that court, and as by such transfer it becomes subject to the same rules and vested with the same powers as though originally rendered in that court, the judgment creditor after such transfer must look to that court for the means of enforcing the collection of the judgment, and cannot demand execution under § 137 of the justices' act. This certainly was the intention of the legislature, and this construction of the statute renders the provisions of the code and the sections of the justices' act concerning this subject-matter harmonious. If a different view were entertained, a plaintiff would have the privilege of process on the same judgment from two courts within the same county at the same time. If the judgment creditor is not deprived of the right to an execution before the justice after he has transferred his judgment to the district court by filing an abstract, the provisions relating to revivor in § 522 of the code are without much significance, as the plaintiff might keep alive his judgment before the justice and from time to time file new abstracts. As in our view, the justice after the filing of the abstract of the judgment in the district count had not jurisdiction to issue process in the case, all of the garnishment proceedings after the transfer of the judgment to the district court must be regarded as nullities.

Counsel for defendant refers to § 154, ch. 42, Laws of 1858, and to the substitute therefor of § 137 of the justices' act, and argues that as the reenacted section leaves out the excepted cases when an execution could not issue, the justice must,

under § 137, issue an execution at any time, upon demand of the judgment creditor, within five years. This argument is not altogether sound. Clearly, the legislature never intended by the substitution of § 137 for § 154 to compel the justice to issue execution upon a judgment after an appeal had been perfected or a valid stay taken. Yet, if the argument of counsel be followed out, this would be the logical conclusion. Furthermore, the legislature, in view of the provisions of the code making a judgment after it has been transferred subject to the same rules as though originally rendered in the district court, may have deemed it unnecessary, in readopting § 137, to embrace in it all of the provisions of § 154. It must be conceded that nothing was lost or changed by omitting therefrom the excepted cases of appeal or stay, and in our opinion no change occurred in omitting the provision concerning the docketing of the cases. All of the clauses omitted were supererogatory.

The judgment of the district court must be reversed, and the case remanded with direction to the court below to enter judgment upon the agreed statement of facts for plaintiff in error.

All the Justices concurring.