## D. J. ISRAEL v. NICHOLS, SHEPARD & CO.

JUDGMENT—*Revival.* The provisions of the civil code for the revival of judgments apply to a judgment rendered before a justice of the peace, where such judgment has not been transferred to the district court by appeal, or otherwise.

*Error from McPherson District Court.*

ON June 13, 1879, *Nichols, Shepard & Company* recovered a judgment against *D. J. Israel* before a justice of the peace of McPherson county, for the sum of $103.75, together with costs, taxed at $4.65. No execution was issued, or other proceeding had in the action until March 23, 1885, when plaintiffs filed a motion before the justice of the peace to revive the judgment, and caused a notice thereof to be served upon *Israel.* On April 1, 1885, the motion was heard, and overruled. Plaintiffs prosecuted their petition in error to the district court, and on April 30, 1885, that court reversed the ruling of the justice of the peace, and subsequently revived the judg-

ment of June 13, 1879.   An exception was taken to this ruling by *Israel*, who now complains thereof.

*J. L. Pancoast*, and *D. K. Cunningham*, for plaintiff in error.

*Milliken & Hulse*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The sole question presented in this case is, whether a justice of the peace can revive a judgment rendered before him which has become dormant.   The district court held that a justice possesses the power.   In this view we concur.   There is no express provision in the justices code for the revivor of dormant judgments, but under § 185 of this code the provisions of the civil code for the revival of judgments are applicable to a judgment rendered before justices of the peace, where the judgment has not been transferred to the district court by appeal or otherwise.   (Civil Code, § 440; *Angell v. Martin*, 24 Kas. 334; *Miller v. Curry*, 17 Neb. 321.) Section 522 of the civil code prescribes the mode of reviving judgments of justices of the peace, after they have been docketed or transferred to the district court; hence that section does not conflict with the conclusion reached.   (*Rahm v. Soper*, 28 Kas. 529.)

The order and judgment of the district court will be affirmed.

All the Justices concurring.