## LUND v. BOOTH, Judge.

No. 1879.   Decided January 29, 1908 (93 Pac. 987).

JUSTICES OF THE PEACE—JUDGMENT—ABSTRACT—DOCKETING IN DISTRICT COURT — VACATING — JURISDICTION OF DISTRICT COURT. Revised Statutes 1898, section 3733, provides that the justice, on the demand of a party in whose favor judgment is rendered, must give him an abstract of the judgment. Section 3734 provides that the abstract may be filed with the clerk of the district court of any county, and must be docketed in the judgment docket of such court. Section 3735 provides that from the time of the docketing execution may be issued thereon as on a judgment of the district court. Section 3736 makes a judgment when so docketed a lien on the real property of the judgment debtor in such county. The statute does not require the abstract to recite that the justice had jurisdiction, nor the means by which he obtained such jurisdiction. *Held*, that when an abstract of a judgment, complying with the requirements of the statute is filed and docketed, the district court of the county where so filed and docketed was not authorized on motion to strike the abstract from the record on the ground that the justice court had not acquired jurisdiction of defendant, such fact not appearing on the face of the abstract.

Original application by L. P. Lund for a writ of certiorari against John E. Booth, judge of the Fourth judicial district court to review the proceedings of the district court in the case of L. P. Lund against Ellen Ivers.

ORDER OF DISTRICT COURT ANNULLED.

*E. A. Walton* for petitioner.

*A. L. Booth* for respondent.

APPELLANT'S POINTS.

The court had no jurisdiction to make the orders complained of and its jurisdiction was not invoked by the bringing of any action to set aside the judgment of the justice. The filing of an abstract or transcript of a justice judgment in a court of record for the purpose of lien and execution, does not empower the latter court to vacate such judgment. (23 Cyc. 893; 23 Cyc. 857; *McCunn v. Barnett*, 2 E. D. Smith 521; *Martin v. Mayor*, 20 How. Pr. 86; *Whitehurst v. Merchants, etc., Co.*, 13 S. E. 937 [N. C.]; *Birdsey v. Harris*, 68 N. C. 92; *Litser v. Litser*, 25 Atl. 177 [Pa.]; *Garlock v. Calkins* [S. D.], 84 N. W. 393; *Lacock v. White*, 19 Pa. St. 495.)

STRAUP, J.

On application made to us a writ of certiorari was issued to review the proceedings of the court of the Fourth judicial district, in the case of *L. P. Lund v. Ellen Ivers*. A transcript of the proceedings sent to us shows that on the 15th day of September, 1906, Lund obtained a judgment against Ivers in the justice court of Murray precinct, Salt Lake county, Utah; that on the 3d day of October, 1906, an abstract of the judgment was filed in the office of the clerk of the district court of Utah county, and was docketed in the judgment docket of the district court of that county. Thereafter Ivers appeared, by motion, before the district court for Utah county, and moved the court to cancel and set aside the docketing of the judgment, on the grounds that she had not been served with summons or process from the justice court, and had no knowledge that the plainttiff had obtained a judgment against her until the docketing of the abstract in Utah county; that she never had any business transaction with the plaintiff, and was not indebted to him, and never contracted any obligation, payable in Salt Lake county, and within the jurisdiction of

the justice at Murray precinct. Notice of the motion was served upon plaintiff. On the day set for the hearing of the motion the defendant appeared, but the plaintiff failed to appear. The transcript of the proceedings recites that testimony was taken by the court in support of the motion, and that it was made to appear that the defendant was not served with summons out of the justice court, and that she had no knowledge of the judgment until it was docketed in Utah county. Thereupon the court ordered the docketing of the judgment annulled and vacated, the apparent lien upon the defendant's property in Utah county removed, and directed the clerk to vacate the docketing of the judgment.

The point presented for decision involves the question whether the district court, in such a proceeding as was had before it, was authorized to go behind the face of the abstract and inquire into the matters presented to it, on a mere motion. The statute provides that the justice, on the demand of a party in whose favor judgment is entered, must give him an abstract of the judgment in the form which is fully set forth in the statute. This form requires the abstract to recite the title of the court and cause stating the names of the plaintiff and the defendant, the name of the justice court, the precinct or city, the date when the judgment was entered, and the amount of the judgment. The foregoing matters are required to be certified to by the justice. It is further provided that the abstract may be filed in the office of the clerk of the district court of any county in the state, and must be docketed in the judgment docket of the district court thereof; that from the time of the docketing in the office of the clerk of any district court execution may be issued thereon in the same manner and with like effect as if issued on a judgment of the district court; that when so filed and docketed the judgment is a lien upon the real property of the judgment debtor, not exempt from execution, situate in such county. (Section 3733 et seq., Rev. St. 1898.)

The abstract of the judgment filed and docketed in Utah county was an exact copy, as prescribed by the statute, with the necessary blanks filled in. It in every particular com-

plied with the statute. No irregularity or voidness appeared upon its face. It did not appear thereon that the justice court did not have jurisdiction of the subject-matter of the action, or of the person of the defendant. The abstract did not affirmatively recite that the justice had jurisdiction of the person of the defendant, nor the facts or means by which the justice obtained such jurisdiction. But the statute does not require the abstract to recite or set forth such fact. The Legislature has expressly provided what the abstract shall contain, and that, when such an abstract is made and certified to by the justice, and it is filed in the office of the clerk of the district court of any county, and there docketed, and execution may issue thereon, and a lien on the real property of the judgment debtor is created. When such an abstract of a judgment is filed and docketed, the district court of the county where filed and docketed cannot, on motion, vacate the judgment so transferred and docketed, and strike the abstract from the record, unless it appears on the face of the abstract that the judgment is void. The docketing of the judgment in the office of the clerk of Utah county did not give the district court of that county jurisdiction of the action in which such judgment was rendered. The docketing of the judgment was for the purpose of creating a lien upon the real estate of the judgment debtor, and enforcing the same by execution. If an execution is issued which does not follow the judgment as docketed, the court undoubtedly has power, on motion, to recall or quash it. But such motion would not reach any defect in the judgment not shown upon the face of the record. The court, however, was not authorized to go behind the face of the abstract and to determine whether the justice rendering the judgment had jurisdiction of the person of the defendant, or to inquire into the merits of the cause. If the judgment rendered in the justice court is erroneous or void for want of jurisdiction, not appearing on the face of the abstract, relief therefrom must be obtained in some other manner authorized by law or equity.

We are therefore of the opinion that the district court was not authorized, on motion, to inquire into the matters pre-

sented to it, or to strike the abstract from the record. The following cases fully support the views herein expressed and the conclusion reached by us: 23 Cyc. p. 893; *Garlock v. Calkins,* 14 S. D. 90, 84 N. W. 393; *Birdsey v. Harris,* 68 N. C. 92; *Whitehurst v. Transportation Co.,* 109 N. C. 342, 13 S. E. 937; *Lacock v. White,* 19 Pa. 495; *Littster v. Littster,* 151 Pa. 474, 25 Atl. 117.

The order of the district court canceling and vacating the docketing of the abstract of judgment is therefore annulled, and the docketing of the abstract restored. No costs are allowed against the district judge; but, inasmuch as the defendant, Ellen Ivers, applied for the order canceling the docketing of the abstract, maintained and prosecuted her motion therefore before the district court, and defended the same in this court, the plaintiff is entitled to costs of this proceeding to be taxed against her.

McCARTY, C. J., and FRICK, J., concur.