JOHN HINMAN, *Appellee,* v. THE MISSOURI, KANSAS &
    TEXAS RAILWAY COMPANY, *Appellant.*

No. 16,512.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Judicial Notice—Statutes of Another State.* Judicial notice not being taken of the statutes of the state of Missouri, it can not be known without proof whether filing a transcript of the judgment of a justice of the peace in a circuit court of that state gives to such judgment the effect of a judgment of the circuit court.

2. JUDGMENTS—*Justice of the Peace—Effect of Filing Transcript in the District Court.* Assuming the statutes of the state of Missouri to be like those of this state, the filing of such a transcript in a circuit court does not have the effect of making the judgment of the justice of the peace the judgment of the circuit court.

3. ——— *Evidence—Transcript of Justice's Judgment—Certification.* In order to make such a judgment admissible in evidence as an offset in an action prosecuted in one of the courts of this state a transcript of the circuit court record duly certified according to the act of congress is not sufficient. A transcript of the justice's judgment must be certified according to the statute of this state, the act of congress not being applicable.

4. ——— *Foreign—Full Faith and Credit—Justice's Judgment—Jurisdiction.* A judgment of a justice of the peace of another state may be brought within the protection of the full faith and credit clause of the federal constitution; but there are no presumptions in favor of the authority or jurisdiction of such an officer, and those facts must be established in some lawful way before it can be known to what faith and credit his acts and proceedings are entitled in this state.

Appeal from Miami district court. Opinion filed July 9, 1910. Affirmed.

*John Madden,* and *W. W. Brown,* for the appellant.
    *Frank M. Sheridan,* and *Charles T. Meuser,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued the defendant for wages and recovered. On the trial an exemplification of the record of the circuit court of Jackson county, Missouri, was admitted in evidence on behalf of the defendant. This record consisted of a transcript from a justice of the peace purporting to show the proceedings in a garnishment action pending before him, terminating in a judgment against the railway company, as garnishee, in favor of a creditor of the plaintiff here, who was served by publication. The court ignored this evidence in its instructions to the jury, and the defendant claims the full faith and credit clause of the federal constitution has been violated.

The courts of this state will take notice of the constitution of the state of Missouri providing for circuit courts as courts of record and of general jurisdiction. (*Dodge v. Coffin,* 15 Kan. 277.) Giving to the record of the circuit court of Jackson county its full effect, it shows that the judgment relied upon as an offset to the plaintiff's demand is not a judgment of that court at all. The recitation is as follows:

"Be it remembered that on the 5th day of June, 1908, there was filed in the office of the clerk of the circuit court of Jackson county, Missouri, at Kansas City, the following transcript from the justice court of J. W. White, to wit," etc.

If there is any law of the state of Missouri which makes the proceedings and judgment of the justice a proceeding and judgment of the circuit court it should have been proved, since the laws of other states are not judicially noticed. In the absence of such proof it may be presumed that the law of Missouri is like that of Kansas. In this state the only effect of filing in the district court a transcript of a judgment rendered by a justice of the peace is to obtain a lien upon real estate and the right to an execution from the district court.

(*Lindgren v. Gates,* 26 Kan. 135, 137.) "All that is gained by transferring is additional means of enforcing payment." (*Treptow v. Buse,* 10 Kan. 170, 177.) This being true, the proceedings and judgment relied on are those of a justice of the peace and not those of a circuit court having general jurisdiction.

The proceedings and judgment of the justice of the peace are not authenticated as such, either according to the act of congress (and, indeed, such a certificate is impossible) or according to the statute of this state. Not having been certified properly, the transcript was not admissible in evidence; but since no objection was interposed when the transcript was offered the decision will not be rested here. The proof did not extend far enough.

There is no doubt that the judgment of a justice of the peace of a foreign state may be brought within the protection of the full faith and credit clause of the federal constitution. (*Case v. Huey, Adm'r,* 26 Kan. 553.) But there are no presumptions in favor of the authority and jurisdiction of such an officer. Those facts must be established in some lawful way before it can be known to what faith and credit his acts and proceedings are entitled. (*Wagner v. County Com'rs,* 34 C. C. A. 147; *Bick v. Lanham,* 123 Mo. App. 268; *Ellis, use &c., v. White,* 25 Ala. 540; *Smith v. Clausmeier,* 136 Ind. 105; *Louisville, New Albany and Chicago Railway Company v. Parish,* 6 Ind. App. 89; *Gay v. Lloyd,* 1 G. Greene [Iowa] 78; *Warren v. Flagg,* 19 Mass. 448; *Godfrey v. Myers,* 23 N. J. 197.)

The defendant having stopped short of proving a valid offset to the plaintiff's demand, the instructions are not open to the objections urged against them. The amount involved being less than $100, the federal question only can be considered.

The judgment of the district court is affirmed.