## RAY v. HARRISON *et al.*

No. 1578.   Opinion Filed February 6, 1912.

(121 Pac. 633.)

1. **JUDGMENT—Judgment of Justice of the Peace—Filing in District Court—Effect.** When a transcript of a judgment of a justice of the peace has been filed in the office of the clerk of the district court under Comp. Laws 1909, sec. 6044, such judgment remains a judgment of a justice court, and does not become a judgment of the district court, so as to give the court power to inquire into its validity.

2. **PROCESS—Return—Conclusiveness.** When an officer makes a false return of personal service on which judgment is rendered, when in fact there has been no service at all, such return is not conclusive evidence against the fact.

3. **APPEAL AND ERROR—Review—Harmless Error—Admission of Evidence.** When the testimony upon a given point is all harmonious, a cause will not be reversed because some of the evidence thus offered may have been inadmissible.

(Syllabus by Ames, C.)

*Error from Superior Court, Logan County;*
*J. M. Sandlin, Judge.*

Action by T. H. Ray against R. B. Harrison and another. Judgment for defendants, and plaintiff brings error.   Affirmed.

*Grant Stanley,* for plaintiff in error.

*E. N. Perkins* and *John Adams,* for defendants in error.

Opinion by AMES, C.   This was an action by the plaintiff to recover the possession of real estate.   He based his title upon a sheriff's deed.   The claim of the defendants was that the judgment on which execution was levied, pursuant to which the plaintiff bought, was void, because the defendant was not served, and was a nonresident of the territory at the time the judgment was rendered.   On February 28, 1901, Henry Bowser, one of the defendants, and one A. P. Moore, executed a note to Ray and Lawyer for $8, bearing interest at 12 per cent., and

carrying $15 attorney's fee. Judgment was rendered on this note in 1903 by a justice of the peace of Logan county, Okla. T. The constable who served the summons in that case made a return showing personal service on both Henry Bowser and A. P. Moore. After this judgment was rendered, a transcript was filed in the district court, pursuant to section 6044, Comp. Laws 1909. Thereafter execution was issued, levied on the land of Bowser, and the property sold to Ray and Lawyer, the plaintiffs; Lawyer subsequently conveying his interest to the plaintiff in this case. The district court confirmed this sale in May, 1905. A motion was filed by Bowser to set aside this judgment, and overruled in February, 1907. In 1908 the plaintiff in this case brought an action against the defendants for the recovery of this land, and the defense was that this judgment rendered by the justice of the peace was void because there was no service of any kind upon the defendants.

There are three errors urged upon our attention, all of which relate to the admission of evidence. The first is that the court erred in permitting any evidence contradicting the validity of the judgment, because the ruling of the district court, on a motion to vacate, was *res adjudicata.* The second is, that the court erred in permitting the constable who made the return in the district court to testify in contradiction of his own return. The third is, that the court erred in permitting any testimony attacking the return.

We do not think the ruling of the district court on the motion to vacate the judgment was *res adjudicata.* Section 6044, Comp. Laws 1909, is as follows:

"In all cases in which a judgment shall be rendered by a justice of the peace, the party in whose favor the judgment shall be rendered may file a transcript of such judgment in the office of the clerk of the district court of the county in which the judgment was rendered; and thereupon the clerk shall, on the day on which the same shall be filed, enter the case on the appearance docket, together with the amount of the judgment and time of filing the transcript; and shall also enter the same on the judgment docket, as in case of a judgment rendered in the court of which he is clerk."

This, in connection with the succeeding sections, was intended to make such a judgment a lien upon the real estate of the judgment debtor, and to provide a means of sale out of the office of the clerk of the court of record, but was not intended to transfer the judgment to the district court for purposes of review. In *Lindgren v. Gates,* 26 Kan. 135, the syllabus is as follows:

"Where a judgment rendered before a justice of the peace has become dormant, such judgment cannot be reviewed in the district court upon a transcript thereof filed with the clerk of the court."

In *Hinman v. Missouri, K. & T. Ry. Co.,* 83 Kan. 35, 110 Pac. 102, it is said:

"In this state the only effect of filing in the district court a transcript of a judgment rendered by a justice of the peace is to obtain a lien upon real estate, and the right to an execution from the district court. *Lindgren v. Gates,* 26 Kan. 135, 137. 'All that is gained by transferring is additional means of enforcing payment.' *Trepow v. Buse,* 10 Kan. 170, 177. This being true, the proceedings and judgment relied on are those of a justice of the peace, and not those of a circuit court having general jurisdiction."

*Rahm v. Soper,* 28 Kan. 529, is relied on by the plaintiff as establishing a contrary rule; and *Israel v. Nichols, Sherpard & Co.,* 37 Kan. 68, 14 Pac. 438, and *Honce v. Schram,* 73 Kan. 368, 85 Pac. 535, which follow it, might also be cited. But the point decided in that case was that a justice did not have jurisdiction to issue process on the judgment after an abstract had been docketed in the district court, and in view of *Lindgren v. Gates, supra,* decided shortly prior to *Rahm v. Soper,* we do not think it was the intention of that court to hold that, when such an abstract had been filed, the judgment thereby became a judgment of the district court for all purposes.

We therefore assume that the district court overruled the motion to vacate this judgment on the ground that it was not a judgment of the district court, and therefore that it had no jurisdiction to set it aside. This conclusion finds additional support from the present state of our statutes. The section re-

ferred to, permitting abstracts of justices of the peace to be filed
in the office of the clerk of the district court, is still in effect,
while under the present practice appeals from the justice courts
lie to the county court, and there is no manner provided by which
the district court can review justice decisions. *Atchison, T. &
S. F. Ry. Co. v. McFarland,* 30 Okla. 594, 120 Pac. 559. If
this section should be given the effect contended for by the
plaintiff, the result would be inconsistent with the present policy
of our statutes. The conclusion we have reached is also in har-
mony with the decisions of other states construing similar
statutes. *Crosby v. Farmer,* 39 Minn. 305, 40 N. W. 71; *Mc-
Cunn v. Barnett,* 2 E. D. Smith (N. Y.) 521; *Martin v. City
of New York,* 20 How. Prac. 86; *Id.,* 11 Abb. Prac. 296; *Mor-
ton v. Rippy,* 84 N. C. 611; *Littster v. Littster,* 151 Pa. 474, 25
Atl. 117; *Mabbett v. Vick,* 53 Wis. 158, 10 N. W. 84.

It is next argued that the court erred in permitting any tes-
timony outside the record attacking the return of the constable.
The evidence showed that at the time of the alleged return
Moore, one of the defendants in the justice court, was dead,
and Bowser, the other one, was a resident of the Indian Terri-
tory, and was not in the territory of Oklahoma. There was no
conflict in the testimony on this point, and the constable himself
testified in harmony with the other witnesses. It is argued, how-
ever, that as the constable's return showed personal service on
both these defendants, one of whom was dead, and the other
a nonresident of the territory, that return must be taken
as conclusive evidence of the facts stated, and a number of cases
support this rule. *Goddard v. Harbour,* 56 Kan. 744, 44 Pac.
1055, 54 Am. St. Rep. 608, and other cases therein cited. We
do not, however, perceive the justice of this rule. It is fun-
damental that a judgment rendered without notice is void, and to
make an officer's return, which is false, conclusive evidence
against the truth, is not in harmony with reason or justice, and
we think the better rule is, that while such a return is *prima
facie* evidence of its truthfulness, and while it requires clear
and convincing proof to set it aside, it is the duty of the court,

when evidence meets this test, to act upon it, and not permit an established falsehood to stand as true. *Southern Pine Lumber Company v. Ward,* 16 Okla. 131, 85 Pac. 459; *Quarles v. Hiern,* 70 Miss. 891, 14 South. 23; *Duncan v. Gerdine,* 59 Miss. 550; *Watson v. Watson,* 6 Conn. 334; *Dunklin v. Wilson,* 64 Ala. 162; *Dozier v. Lamb,* 59 Ga. 461; *Du Bois v. Clark,* 12 Colo. App. 220, 55 Pac. 750; *Kochman v. O'Neill,* 102 Ill. App. 475, decree affirmed 202 Ill. 110, 66 N. E. 1047; *Buck v. Hawley,* 129 Iowa, 406, 105 N. W. 688; *Campbell Printing Press & Manufacturing Co. v. Marder,* 50 Neb. 283, 69 N. W. 774, 61 Am. St. Rep. 573. The reason for the rule we adopt is well stated in 2 Wigmore on Evidence, art. 1348, p. 1639, as follows:

"To forego investigation into the existence of a fact because a certain officer, not having judicial powers or opportunities of investigation, has declared it to exist or not to exist and to accept his statement as conclusive and indisputable, is, in effect, to refuse to exercise, as regards that specific fact, that function of the investigation and final determination of disputes which is the peculiar attribute of the judiciary as distinguished from the executive and the legislative."

With reference to the proposition urged upon us, that it was error to permit the constable to testify in impeaching his own return, it is sufficient to say that his testimony was in harmony with all the other testimony, and merely cumulative, and that, even if it were inadmissible, it would not be of such a prejudicial nature as to entitle the plaintiff to a reversal, and therefore it is unnecessary for us to pass upon this point, although Wigmore lays down the rule that such evidence is admissible. 1 Wigmore on Evidence, art. 530.

Finding no error in the record, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.