HUDSON v. ELY *et al.*

No. 2188.    Opinion Filed November 19, 1912.

Rehearing Denied January 7, 1913.

(129 Pac. 11.)

1.  **STATUTES—Implied Repeal—Statutes Covering Subject-Matter.**
    A statute revising the whole subject-matter of former acts, containing in the main the provisions of the former acts, and evidently intended as a substitute for them, although it contains no express words to that effect, operates to repeal the former acts.

2.  **JUDGMENT—Lien—Statutory Provisions.** The Act entitled "An act regulating liens of judgments rendered in probate courts," passed March 7, 1893, found in the addenda to the Statutes of Oklahoma 1893, at page 1191, was repealed by substitution by section 432 of the Civil Procedure Act (St. Okla. 1893, sec. 4310), adopted by the same Legislative Assembly, and by the subsequent amendments thereof.

3.  **SAME—Vacation—Authority of Court.** Section 432 of the Code of Civil Procedure (St. Okla. 1893, sec. 4310), as amended by section 5941, Comp. Laws 1909, considered in connection with section 540, Comp. Laws 1909, giving to judgment creditors the right to have transcripts of judgments filed in counties other than wherein rendered, does not give to the district court of such other county jurisdiction upon motion to vacate and annul the judgment so rendered; the judgment being regular upon its face, and the court rendering it having jurisdiction of the subject-matter.

4.  **SAME—Filing Transcript in Other County—Effect.** A transcript of a judgment of a county court, filed with the clerk of the district court of another county, renders it a judgment of the latter court only for the purposes of enforcement, and does not forbid the court rendering the judgment from controlling it in respect to other matters authorized by law.

5.  **EXECUTION—Authority to Issue—Clerk of Court.** The clerk of the district court of a county with whom a transcript of a

judgment of a county court of another county is filed is without authority to issue execution on said judgment. In such cases execution shall issue only from the court in which the judgment is rendered.

(Syllabus by Sharp, C.)

*Error from District Court, Noble County;*
*Wm. M. Bowles, Judge.*

Action by Frank Hudson against Mathew M. Ely and others. From an order setting aside judgment for plaintiff, he brings error. Reversed and remanded, with instructions.

On January 26, 1909, plaintiff in error, in the county court of Pawnee county, obtained a judgment against Mathew M. Ely, the Arkansas Valley & Western Railway Company, the Arkansas Valley Townsite Company, and H. C. Hanna. A transcript of this judgment was filed with the district clerk of Noble county, March 19, 1909, and on the 13th day of November thereafter execution was issued by the district clerk of said county. On the 9th day of December of said year, the judgment debtor, Mathew M. Ely, filed in the district court of Noble county a motion seeking to have said judgment vacated and set aside on the ground that the judgment rendered was void because no sufficient service of summons had been had upon him. Afterwards and on the 21st day of December of said year, said defendant filed a motion to recall the execution for the reasons set forth and assigned in the motion to vacate the judgment. Upon the hearing of said motion the court set aside and vacated the judgment, from which order an appeal has been regularly prosecuted to this court.

*Eagleton & Biddison,* for plaintiff in error.

*H. A. Johnson,* for defendants in error.

Opinion by SHARP, C. (after stating the facts as above). The only question necessary for a determination of this case is: Did the district court of Noble county have jurisdiction, on motion, to vacate and set aside the judgment of the county court of Pawnee county? The judgment, a transcript of which was filed in the district court of the former county, upon its face

shows that personal service of summons was had upon each of the defendants, and that the county court had both jurisdiction of the subject-matter and of the several defendants.    No complaint is made of the regularity of the transcript, or that it was properly filed in the office of the clerk of the district court of Noble county.

Counsel for defendants in error cites and relies upon section 1877, Wilson's Rev. & Ann. St. 1903.   This section of the statute, carried forward by the annotator, is paragraph 3 of an act regulating liens of judgments rendered in probate courts, found in the addenda to the Statutes of 1893, p. 1191.   This statute in part provides that a judgment of a probate court, a transcript of which is filed in the office of the clerk of the district court in another county, shall be a judgment of the district court with like force and effect as if it had been rendered by the district court on the day that it was filed with the clerk of the latter court, and shall thereafter be enforced as a judgment of the district court, and that, after the filing of such abstract in the district court, no execution shall be issued from the probate court on such judgment.   This act was passed by the Legislature March 7, 1893, and the purpose of its passage is explained in the introductory section at page 1187, where it is said:

"Towards the closing days of the last session of the Legislature the opinion prevailed that a new Code of Civil Procedure would not be adopted.   An act was therefore passed 'to regulate appeals and writs of error,' also an act 'in relation to liens of judgment rendered in probate court.'   Afterward an entire Code on 'Civil Procedure' was enacted.   It specifically provides for appeals and writs of error; also, regulates liens in courts of record.   The codifying committee have concluded to publish both acts in this addenda, together with the act providing additional officers for the Legislature—which latter act the Supreme Court held to be illegal and void."

However, the Code of Civil Procedure Act did pass at the same session of the Legislature, and afterwards became a law. By section 432 of the Civil Procedure Act, the subject of the creation of judgment liens, both in the county in which the judgment was rendered, and other counties, was provided for.   This

latter section was afterwards amended. Sess. Laws 1905, pp. 320, 321. Section 1 of this act is section 5941, Comp. Laws 1909. A further provision covering the same subject, in part, is found in section 5 of article 3, c. 16, Sess. Laws 1907-08, which is section 540, Comp. Laws 1909.

It is therefore necessary to consider whether section 3 of the Act of March 7, 1893 (Addenda, p. 1191, St. Okla. 1893), has been superseded by one or either of the acts, attention to which has been called. We are of the opinion that the various provisions of the addenda were repealed by the subsequent adoption of the Code of Civil Procedure, and the amendments thereof, and statutes thereafter enacted. *Spencer et al. v. Rippe,* 7 Okla. 608, 56 Pac. 1070. Section 432, *supra,* as amended by the Act of March 15, 1905, considered in connection with the Act of March 12, 1908 (Sess. Laws 1907-08, p. 212), deals with the same general subject-matter, and seeks to accomplish the same general purpose, and, being complete within itself, worked a repeal by substitution of the provisions of the addenda. Particularly is this true when we consider the occasion and object of the passage of the legislation contained in the several sections of the latter act of the addenda. Various other subsequent acts, to which we have not directed particular attention, are in direct conflict with many of the provisions of the addenda. Particularly is this true in the latter clause of section 3, which provides that, after the filing of an abstract of a judgment of a probate court in the district court, no execution shall be issued from the probate court on such judgment, which is in conflict with the latter part of section 5941, Comp. Laws 1909, which provides that executions shall only be issued from the court in which the judgment is rendered. A statute revising the whole subject-matter of former acts, containing in the main the provisions of said acts, and evidently intended as a substitute for them, although it contains no express words to that effect, operates to repeal the former acts. *Fritz v. Brown,* 20 Okla. 263, 95 Pac. 437; *Smock v. Farmers' State Bank,* 22 Okla. 825, 93 Pac. 945.

In *J. W. Ripey & Son v. Art. Wall Paper Co.,* 27 Okla. 600, 112 Pac. 1119, the court had under consideration the first act of

the addenda, found at pages 1187-1189, St. Okla. 1893, passed at the same time as the latter act of the addenda, under consideration, and it was held that said former act was repealed by substitution by the subsequent adoption by the same Legislative Assembly of the Code of Civil Procedure; that the Code, thus adopted, was comprehensive and covered practically all of the subjects comprehended by said act. We have no hesitation, therefore, in arriving at the conclusion that section 3 of the addenda was repealed by subsequent legislation, and that we must look to the latter, and not the former, acts, to determine the question presented.

What authority, therefore, is given a district court of one county to set aside the judgment of a county court of another county? Section 6094, Comp. Laws 1909, provides that the district court shall have power to vacate or modify its own judgments or orders at or after the term at which said judgments or orders are made, upon the grounds and for the reasons therein set forth, or to which reference is made. But this is not a case of a court setting aside its own judgment, but, instead, one where a judgment of another court of competent, and in some respects concurrent, jurisdiction, is vacated and annulled without the institution of an action or suit, and upon a mere motion, and where the judgment was regular upon its face; thus permitting the judgment debtor to collaterally attack the judgment of another court. The filing of the transcript of the judgment in the district court of Noble county had to do with the matter of the enforcement of the judgment. The judgment thereby became a judgment of the district court for such purpose, and such only as is clearly shown by the fact that the execution could only issue out of the court in which the judgment was rendered. Section 5941, *supra*. It was held by this court in *Ray v. Harrison et al.*, 32 Okla. 17, 121 Pac. 633, that when a transcript of a judgment of a justice of the peace had been filed in the office of the clerk of the district court, under section 6044, Comp. Laws 1909, such judgment remained a judgment of the justice's court and did not become a judgment of the district court, so as to give that court power to inquire into its validity. It was never in-

tended by the statutes thus providing for a manner of enforcement of the judgment to forbid the court rendering it from controlling it in respect to other matters authorized by law. Upon timely application and proper showing the county court of Pawnee county could have granted relief to defendant in error Ely. The filing of the transcript in another county did not deprive him of his right. Whatever may be his rights, he has appealed to the wrong court for relief. It had jurisdiction only to enforce, not to impair or destroy, the judgment. *Klepfer v. City of Keokuk,* 126 Iowa, 592, 102 N. W. 515; *Lindgren v. Gates et al.,* 26 Kan. 135; *Hinman v. Missouri, K. & T. Ry. Co.,* 83 Kan. 35, 110 Pac. 102, 21 Ann. Cas. 1152; *Lund v. Booth,* 33 Utah, 341, 93 Pac. 987; *Garlock v. Calkins et al.,* 14 S. D. 90, 84 N. W. 393; *McConnell et al. v. Rowe et al.,* 8 Ky. Law Rep. 343, 1 S. W. 582; *Carey et al. v. Kemper,* 45 Ohio St. 93, 11 N. E. 130.

In *King v. Nimick et al.,* 34 Pa. 297, it was said:

"A judgment that is transferred from one county to another, under the Act of 16th April, 1840, bears a very strong analogy to a *testatum* execution. It is transferred only to facilitate its enforcement, but with a right to all the writs of *scire facias* that may be needed for that purpose. The primary judgment is still the principal one, and the court where that is can alone take any action operating on the judgment itself, in any other way than by satisfaction, in the proper sense of the term. The court, having the certified and secondary judgment, cannot inquire into its merits at all. And because it is a secondary judgment, it can stand only for its own costs, at the most, if the primary judgment be satisfied or set aside. And if the court having the primary judgment order it to be satisfied, or set aside, the further process on the secondary judgment is peremptorily to be arrested, except for its own costs, in a proper case. Among equal courts, that which has the primary control of a question has the absolute control, and it alone, or its superiors, can correct its errors."

The district court of Noble county had no appellate jurisdiction over, or supervisory control upon, or right to review, the judgment rendered in the county court of Pawnee county. The effect, however, of its judgment, was to review said county

Hudson v. Ely et al.

court judgment. Upon evidence *aliunde* it heard testimony and determined and adjudged that the county court was without jurisdiction as against the defendant Ely, and that in rendering judgment the county court committed error. Neither statutory authority is given, nor inherent power possessed by a district court, to vacate and set aside the judgment of a county court of another county, upon motion charging that the court rendering judgment did not acquire jurisdiction over the person of a defendant, where the judgment by its own terms recites the necessary jurisdictional facts, and where jurisdiction of the subject-matter exists. This power must be exercised by the court which rendered the judgment, and to that court, and to no other, the application to set aside the judgment should be made. Black on Judgments (2d Ed.) sec. 297; 23 Cyc. 890, 891.

The court having vacated the judgment, it is unnecessary to pass specifically upon the second motion filed, *i. e.*, that to recall the execution. While the grounds urged for the recall of the execution were not well taken, in view of the further proceedings in this case, we may call attention to the fact that the district court of Noble county was without jurisdiction to issue an execution. That power and authority is not taken from the county court, where the judgment was rendered, but, on the contrary, is by express statute reserved to that court. Comp. Laws 1909, sec. 5941.

For the reasons stated, the judgment vacating and setting aside the judgment of the county court of Pawnee county should be reversed and remanded.

By the Court: It is so ordered.