## BOARDMAN CO. v. COBB.

No. 7915—Opinion Filed January 9, 1917.

(162 Pac. 729.)

1. **Judgment—Judgment of Justice of the Peace — Filing Transcript in District Court—Effect.**

When a transcript of a judgment of a justice of the peace has been filed in the office of the clerk of the district court, under sec. 5217, Rev. Laws 1910, such judgment remains a judgment of the justice of the peace court and does not become a judgment of the district court so as to give the court power to inquire into its validity. Ray v. Harrison, 32 Okla. 17, 121 Pac. 633, Ann. Cas. 1914A, 413, followed.

2. **Same—Abstract of Judgment—Motion to Strike—Jurisdiction of District Court.**

A motion to strike from the records of the district court an abstract of a judgment of a justice of the peace court involves in its determination a review of the validity of the judgment of the justice of the peace, and the district court is without jurisdiction to determine such motion.

(Syllabus by Rummons, C.)

Error from District Court, Seminole County; George C. Crump, Assigned Judge.

Action by the Boardman Company against T. S. Cobb. From a judgment sustaining defendant's motion to vacate and strike from the files an abstract of judgment, plaintiff brings error. Reversed and remanded, with instructions.

C. Dale Wolfe, for plaintiff in error.

Fowler & Biggers, for defendant in error.

Opinion by RUMMONS, C. On August 11, 1915, plaintiff in error, plaintiff below, filed in the office of the clerk of the district court of Seminole county an abstract of a judgment in favor of the plaintiff and against defendant in error, defendant below. On August 21, 1915, the defendant filed his motion to vacate and strike from the files of the court said abstract of judgment, which motion is as follows:

"Comes now the defendant, T. S. Cobb, and moves the court to vacate and set aside the pretended abstract of judgment filed herein and the said pretended judgment in this court, and for reason says: That judgment was rendered against him as set out in said abstract of judgment in the justice court of the town of Wewoka; that from said judgment an appeal was regularly and legally taken to county court filed as case No. 538, Boardman Co. v. T. S. Cobb; that said cause came on regularly for hearing in said county court, and the plaintiff appeared not to prosecute said case and same was by the said county court duly dismissed for want of prosecution on the part of the plaintiff; that this defendant therefore says that plaintiff has no judgment of any character against this defendant. Wherefore, defendant asks leave of the court to introduce evidence to establish the foregoing allegations, and upon hearing moves the court to vacate and strike from the files of this court the above and foregoing pretended abstract of judgment and pretended judgment."

Thereafter said cause came on for hearing before the court, and the defendant offered evidence to establish his motion. Plaintiff objected to the introduction of any evidence for the reason that the court had no jurisdiction to determine the matter set up in said motion. The objection of plaintiff was overruled and exception allowed, and thereupon the court heard the evidence of plaintiff and defendant and sustained the motion of defendant and ordered that said abstract of judgment be canceled and stricken from the files of said court. Plaintiff, having unsuccessfully moved for a new trial, upon said motion, prosecutes this proceeding in error to reverse the judgment of the trial court.

The first question presented for consideration is the jurisdiction of the trial court to determine the motion of the defendant. It appears from the record that the judgment in controversy was rendered in a justice of the peace court in Seminole county, and that within due time the defendant appealed therefrom to the county court of said county. There is some conflict in the evidence as to what occurred in the county court, it being contended on behalf of the plaintiff that the appeal of the defendant was dismissed by said court for want of prosecution, and the defendant contending that the cause of the plaintiff was dismissed by said court for want of prosecution. After the order was made by the county court, about which plaintiff and defendant are in controversy, plaintiff procured a certificate from the clerk of said county court showing that the appeal of defendant had been dismissed, and filed such certificate with the justice of the peace rendering the judgment. Thereafter plaintiff caused the abstract of judgment of the justice of the peace here in controversy to be filed in the office of the clerk of the district court.

The first assignment of error in the brief of counsel for plaintiff presents the proposition that the trial court was without jurisdiction to entertain the motion of the defendant. We think this is no longer an open question in this jurisdiction. In the case of Ray v. Harrison, 32 Okla. 17, 121 Pac. 633, Ann. Cas. 1914A, 413, the syllabus is as follows:

"When a transcript of a judgment of a justice of the peace has been filed in the office of the clerk of the district court under Comp. Laws 1909, sec. 6044, such judgment remains a judgment of a justice court, and does not become a judgment of the district court, so as to give the court power to inquire into its validity."

The case last cited has been followed and cited with approval in the case of Hudson v Ely, 36 Okla. 576, 129 Pac. 11. Commissioner Sharp, who delivered the opinion of the court, in that case says:

"What authority, therefore, is given a district court of one county to set aside the judgment of a county court of another county? Section 6094, Comp. Laws 1909, provides that the district court shall have power to vacate or modify its own judgments or orders at or after the term at which said judgments or orders are made. * * * But this is not a case of a court setting aside its own judgment, but, instead, one where a judgment of another court of competent, and in some respects concurrent, jurisdiction, is vacated and annulled without the institution of an action or suit, and upon a mere motion, and where the judgment was regular upon its face; thus permitting the judgment debtor to collaterally attack the judgment of another court. The filing of the transcript of the judgment in the district court of Noble county had to do with the matter of the enforcement of the judgment. The judgment thereby became a judgment of the district court for such purpose, and such only as is * * * shown by the fact that the execution could only issue out of the court in which the judgment was rendered. Section 5941, supra. It was held by this court in Ray v. Harrison et al., 32 Okla. 17, 121 Pac. 633 [Ann. Cas. 1914A, 413], that when a transcript of a judgment of a justice of the peace had been filed in the office of the clerk of the district court, under sec. 6044, Comp. Laws 1909, such judgment remained a judgment of the justice's court and did not become a judgment of the district court, so as to give that court power to inquire into its validity. It was never intended by the statute thus, providing for a manner of enforcement of a judgment to forbid the court rendering it from controlling it in respect to other matters authorized by law. Upon timely application and proper showing the county court of Pawnee county could have granted relief to defendant in error Ely. The filing of the transcript in another county did not deprive him of his right. Whatever may be his rights, he has appealed to the wrong court for relief. It had jurisdiction only to enforce, not to impair or destroy, the judgment."

In the case of Ray v. Harrison, supra, the motion considered by the court was to vacate the judgment of a justice of the peace; and, in the case of Hudson v. Ely, the motion there considered was to vacate the judgment of the county court of another county.

It is contended by counsel for defendant that, conceding the correctness of the ruling in those cases, yet the district court, by virtue of its power to control the records of its court, has authority to strike the abstract of judgment from the records of the court, and counsel cite numerous authorities in support of this contention. We are, however, forced to the conclusion that, the law in this jurisdiction having been established to the effect that the district court is without jurisdiction to review the validity of a judgment abstracted from a justice of the peace court, the district court would be without jurisdiction to strike such abstract of judgment from the record.

In the instant case, as well as in every other case of which we can conceive, where an abstract of the judgment of a justice of the peace court is filed in the district court, the validity of the judgment of the justice of the peace would be involved in the determination of a motion to strike such abstract from the records. In the instant case, it became necessary for the trial court to take evidence dehors the record to determine whether or not the judgment of the justice of the peace was still a subsisting judgment. If the order of the county court dismissed the appeal of the defendant, the certificate of the clerk of the district court filed with the justice of the peace was authoritative, and said judgment of the justice of the peace was in full force and effect. If the order of the county court dismissed the cause of the plaintiff, the certificate of the clerk of the county court was untrue and a nullity, and the judgment of the justice of the peace, having been suspended by the appeal, was of no effect. The ultimate question, therefore, to be determined by the trial court, in passing upon the motion in this case, was the validity of the judgment sought to be abstracted to the district, and, upon the authority of the cases above cited, the trial court is without jurisdiction to review and pass upon the validity of said judgment of the justice of the peace.

The trial court therefore erred in overruling the objection of the plaintiff to the introduction of evidence in support of defendant's motion, and this cause should be reversed and remanded, with instructions to overrule said motion for want of jurisdiction.

By the Court: It is so ordered.